No. 90-177

IN THE SUPREME COURT OF THE STATE OF MONTANA

1991

STATE OF MONTANA,

        Plaintiff and Respondent,

-vs-

ALLEN RAY "SPEEDY" MATT,

        Defendant and Appellant.

FILED

JUN 26 1991

*Ed Smith*
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:    District Court of the Twentieth Judicial District,
In and for the County of Lake,
The Honorable C. B. McNeil, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

    Benjamin R. Anciaux, Polson, Montana

    For Respondent:

        Hon. Marc Racicot, Attorney General, Helena, Montana
        Patricia J. Jordan, Asst. Atty. General, Helena
        Larry Nistler, County Attorney; Robert S. Anderson,
        Deputy, Polson, Montana

Submitted on Briefs:   April 12, 1991

Decided:   June 26, 1991

Filed:

_____
Clerk

Justice Fred J. Weber delivered the Opinion of the Court.

Defendant, Allen Ray "Speedy" Matt, appeals from a conviction for felony assault in violation of § 45-5-202(2), MCA, following a jury trial in District Court in the Twentieth Judicial District, Lake County. We affirm.

We have revised the issues as follows:

1. Should this Court modify the Just Rule as established in State v. Just (1979), 184 Mont. 262, 602 P.2d 957, with regard to evidence of other crimes, wrongs or acts of the defendant?

2. Did the District Court err when it admitted testimony of other crimes, wrongs or acts of the defendant?

3. Was the evidence sufficient to support a verdict of guilty on the charge of felony assault?

On November 10, 1988, the defendant went to the Flathead Irrigation Project office to try to get money for a windshield that he claimed had been damaged by one of their trucks. When he failed to get what he wanted, he threw a rock through an office window and broke it.

Later that day a tribal officer went to defendant's house to talk to him about breaking the window. The defendant became verbally abusive, went into his house and refused to talk to the officer. The officer continued to talk to the defendant through defendant's door, telling defendant that he would have to get a warrant if defendant continued to refuse to talk to him. Defendant came back out of the house and an altercation occurred. The officer then placed the defendant under arrest. The defendant

2

continued to resist, both verbally and physically. During the altercation, the officer sprayed the defendant in the face with his cap-stun in an attempt to subdue him. The defendant wrestled away from the officer and crawled back into his house.

The officer left the porch to call for backup. The defendant came back out of the house swinging a long sickle-shaped knife and yelling, "I'll kill you, you son of a bitch." The officer approached defendant from the rear and attempted to disarm him. A wrestling match ensued. The officer managed to knock the knife away. When the officer got away and backed off, the defendant grabbed a club-like stick. The officer put his hand on his gun, which was still in its holster. Defendant yelled, "Go ahead, shoot me", then went back into his house and out the back door. The officer sustained injuries during the altercations.

A short time later, the defendant was arrested and put into a police vehicle by other officers. Defendant repeatedly kicked the door in the vehicle until he had to be removed from the vehicle and subdued.

I

Should this Court modify the Just Rule as established in State v. Just (1979), 184 Mont. 262, 602 P.2d 957, with regard to evidence of other crimes, wrongs or acts of the defendant?

At trial the State introduced evidence that the defendant had been involved three months earlier in an altercation with a deputy sheriff in Okanogan County, Washington. The deputy sheriff testified that he was on duty at a rodeo when the defendant entered

the rodeo headquarters. Defendant had assaulted a woman and he was still trying to attack his victim. The deputy had to physically separate the defendant from his victim. The defendant pushed the deputy in the chest to get him out of the way so he could get to the victim. He shoved the deputy two more times during the struggle. Another officer then took the victim to another room. When the deputy had the defendant under control and sitting down, the defendant jumped up and pushed the deputy again, attempting to leave. The deputy had to grab the defendant and pull him down to the floor to attempt to handcuff him. The defendant continued to struggle. Eventually the deputy got the defendant into handcuffs and arrested him. The deputy described him as "crazed."

Defendant contends the Washington incident was not similar to the crime for which he was on trial and that there was no connection between the events from which to infer a common scheme or plan. Therefore defendant contends that the Just Rule was not met. State v. Just (1979), 184 Mont. 262, 602 P.2d 957. The State contends that the evidence of the Washington altercation was relevant to show state of mind or intent of the defendant with regard to the assaulting of police officers. The State contends this was admissible under Rule 404(b), M.R.Evid.

In 1979, State v. Just established what has come to be called the Just Rule. Just analyzed the exceptions to the general rule of the incompetency of evidence of the commission of other crimes, pointing out that the exceptions which are the rule in Montana are of ancient lineage. Just then described the exceptions as set

4

forth in the 1973 case of State v. Taylor (1973), 163 Mont. 106, 515 P.2d 695. The exceptions were specifically recognized in a number of cited Montana cases decided in the preceding 75 years, reaching back to State v. Peres (1903), 27 Mont. 358, 71 P. 162.

_Just_ next made reference to both Rules 404(b) and 403, M.R.Evid. Because these are critical to the analysis, we now set them forth in full:

> **Rule 404. Character evidence not admissible to prove conduct, exceptions; other crimes; character in issue.**
> . . .
>
> (b) Other crimes, wrongs, acts. Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.
> . . .
>
> **Rule 403. Exclusion of relevant evidence on grounds of prejudice, confusion, or waste of time.** Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by consideration of undue delay, waste of time, or needless presentation of cumulative evidence.

_Just_ then states there emerged a four element rule to determine the admissibility of evidence of other crimes, wrongs or acts in criminal prosecutions. The four elements as stated in _Just_ were:

(1) The similarity of crimes or acts;

(2) Nearness in time;

(3) Tendency to establish a common scheme, plan or system; and

(4) The probative value of the evidence is not

5

substantially outweighed by the prejudice to
the defendant.

_Just_ applied the rule to the facts of that case and concluded that the evidence of the defendant's other acts against the victim in question were properly admitted.

While the Just Rule was entirely appropriate to the factual situation in that case, it has led to contradictory results. The third element of the Just Rule provides that evidence may be admissible for the purpose of showing a common scheme, plan or system. We agree with that conclusion in that case. However, we emphasize that Rule 404(b) is not limited only to common scheme, plan or system. Rule 404(b) provides that evidence may be admissible for other purposes, _such as_ proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. Clearly Rule 404(b) provides for the admission of evidence for many purposes other than the common scheme, plan or system stated in _Just_. We point out that the "common scheme, plan or system" referred to in _Just_ is listed as "plan" under Rule 404(b), according to McCormick on Evidence, 3rd Ed., §190, pp. 558-564 (1984); 22 C. Wright and K. Graham, Federal Practice and Procedure, Evidence, § 5244, p. 499 (1978); and 23 CJS Criminal Law §830 (1989).

While the four element rule of _Just_ was proper under the facts of that case, and also was appropriate under the facts of State v. Jensen (1969), 153 Mont. 239, 455 P.2d 634, application of the Just Rule has resulted in an apparent narrowing of the purposes listed in Rule 404(b). As an example, State v. Brown (1990), 791 P.2d

6

1384, 47 St.Rep. 935, applied the third element of the Just Rule in reaching a conclusion that the prosecution failed to establish a common scheme, plan or system. In Brown, the State argued that the other crimes evidence was offered to prove defendant's motive and intent. The court pointed out that the acts committed on previous dates, while similar in nature, does not necessarily prove that the acts tend to establish a common scheme, plan or system. The majority then concluded that the record demonstrated that the defendant's acts lacked any common scheme or plan and were instead spontaneous acts dictated by his character and the situation at hand. While it was true that the evidence in Brown failed to establish a common scheme, plan or system, that conclusion did not address the dissent which pointed out that the evidence could be found admissible in order to establish the defendant's opportunity, motive and intent under Rule 404(b).

We now recognize that the Just element described as common scheme, plan or system is to be classed as a "plan" under Rule 404(b). We further recognize that evidence of other crimes, wrongs or acts may be admissible for many other purposes, including those specifically listed in Rule 404(b), as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. We conclude that the rule as enunciated in Just should now be modified.

We therefore now adopt the following as the Modified Just Rule which sets forth the basis for the admission of evidence of other crimes, wrongs or acts as referred to and described in Rules 404(b)

7

and 403, M.R.Evid.:

> (1) The other crimes, wrongs or acts must be similar.

> (2) The other crimes, wrongs or acts must not be remote in time.

> (3) The evidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show that he acted in conformity with such character; but may be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

> (4) Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading of the jury, considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

The Modified Just Rule incorporates the various purposes described in Rule 404(b), and therefore eliminates the limitation that evidence is admissible only if it shows a common scheme, plan or system. In addition, the Modified Just Rule includes the additional limiting factors which are set forth in Rule 403.

While the foregoing holding modifies the Just Rule, we do not overrule the procedural protections required under _Just_. We do clarify those protections however by specifically holding that the following procedural protections shall apply as a part of the Modified Just Rule.

> (1) Evidence of other crimes, wrongs or acts may not be received unless there has been written notice to the defendant that such evidence is to be introduced. The notice to the defendant shall specify the evidence of other crimes, wrongs or acts to be admitted, and the specific Rule 404(b) purpose or purposes for which it is to be admitted.

> (2) At the time of the introduction of such

evidence, the trial court shall explain to the jury the purpose of such evidence and shall admonish it to weigh the evidence only for such purposes.

(3) In its final charge, the court shall instruct the jury in unequivocal terms that such evidence was received only for the limited purposes earlier stated and that the defendant is not being tried and may not be convicted for any offense except that charged, warning them that to convict for other offenses may result in unjust double punishment.

## II

Did the District Court err when it admitted testimony of other crimes, wrongs and acts of the defendant?

We now analyze the present case under the Modified _Just_ Rule. The Washington incident involved assaults on a Washington deputy sheriff. The first occurred when the defendant attempted to get to a woman assault victim. The second occurred after the assault victim had been removed from the room and the defendant attempted to leave the building. We conclude that the Washington incidents were assaults on a peace officer and were similar in nature to the assault on the tribal peace officer in the present case, and therefore meet the requirements of element (1) of the Modified Just Rule.

The assaults involved in the Washington case occurred three months prior to the assault in the present case. We conclude that such assaults were not remote in time and meet the requirements of element (2) of the Modified Just Rule.

With regard to element (3) of the Modified Just Rule, the Washington incidents were offered by the State to prove intent which is a permissible purpose. In State v. Sadowski (1991), 805

9

P.2d 537, 543, 48 St.Rep. 93, 97, this Court analyzed many of the problems which are relevant to proving intent under the Just Rule. As in the present case, in Sadowski the State presented one single prior incident as proof of intent. With regard to a single incident, as well as the question of intent, we stated:

> We agree with the Johns court that no categorical statement can be made one way or the other [in a case where there is only one prior similar instance of conduct], rather such decisions must be made on a case by case basis. Johns, 725 P.2d at 324. "A simple unremarkable single instance of prior conduct probably will not qualify, but a complex act requiring several steps, particularly premeditated, may well qualify." Johns, 725 P.2d at 324.
>
> Thus, the linchpin for determining whether a single instance of prior conduct is sufficient to prove intent is relevancy based on similarity. Here, because the defendant admits that he purposely and knowingly killed Rob Hare, the prior uncharged misconduct actually is relevant towards the reasonableness of Sadowski's claim of self defense, i.e., whether he acted with criminal intent or in self defense.

Sadowski, 805 P.2d at 543, 48 St.Rep. at 97.

This Court then discussed the similarity of the acts and reached the conclusion that the prior act was admissible as relevant regarding Sadowski's intent. In Sadowski the defendant argued that he intended to use the gun only in self defense while the prosecution argued that it was an intentional act of homicide. Sadowski is a good illustration of admission of other acts to prove whether or not the intent involved was that of self defense or of assault or homicide.

In the present case we do not have an issue of intent for determination by the jury in a manner comparable to Sadowski. In comparing the assault incidents in our present case, we note that

10

the primary focus of the initial assault on the Washington deputy sheriff was aimed at getting the deputy out of the way in order that the defendant could continue his assault on his female victim. His second assault may still have involved his aim of getting to the female victim or it may have involved his desire to get out of the building and escape arrest. In the present case, the triggering incident appears to have been the defendant's emotional reaction which resulted in his breaking a window. The assaults which followed were the result of an attempt by the officer to discuss with defendant the breaking of the window. It is apparent that the emotional condition which was present at the time the defendant threw the rock continued to the meeting with the officer.

Our question then becomes whether the single instance of conduct in Washington is admissible to prove intent in the present case. The State argues that the Washington incident demonstrates that the defendant acted with the intent to assault a peace officer which increases the probability that the defendant acted with a similar intent in the present case. Thus the prior assaults tend to show that the defendant does not intend to submit to the authority of peace officers.

We conclude that in the Washington incident the defendant's intent was to get at his female assault victim. The deputy sheriff just got in the way when he intervened. In the present incident the intent was aimed directly at the officer. We conclude that the intent to get at a female assault victim is not the same as the intent to resist the authority of a police officer. We therefore

11

conclude that the evidence should not have been admitted to prove the defendant's intent.

Analyzing element (4) of the Modified Just Rule, we note that the evidence was not needed to gain a conviction. The defendant verbalized his intent when he waved the sickle-shaped knife and yelled, "I'll kill you, you son of a bitch." The Washington incident was therefore a needless presentation of cumulative evidence of intent. In addition, we conclude that the probative value of the evidence is substantially outweighed by the possible confusion of the issues and misleading of the jury.

Applying all four elements of the Modified Just Rule, we conclude that the evidence here was not admissible in the present case under elements (3) and (4).

While we conclude that the admission of the evidence was improper, we also conclude that the admission of such evidence does not constitute grounds for reversal in this case. As analyzed in the next part, the evidence against the defendant was overwhelming. The admission of improper evidence is not grounds for reversal unless there is a reasonable possibility that the evidence may have contributed to the conviction. Brodniak v. State (1989), 239 Mont. 110, 779 P.2d 71. We hold that the admission of the other crimes evidence was harmless error in this case.

III

Was the evidence sufficient to support a verdict of guilty on the charge of felony assault?

Defendant contends that the evidence is insufficient to

support the conviction because (1) there was no evidence to show intent, (2) the officer's fear of injury was not reasonable, (3) there was no evidence to show the defendant caused the officer's injury, and (4) the officer committed a felony assault on the defendant, who was defending himself.

A conviction will not be set aside if, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. State v. Krum (1989), 238 Mont. 359, 362, 777 P.2d 889, 891.

The elements of the crime of felony assault are defined in § 45-5-202(2), MCA, which reads:

A person commits the offense of felony assault if he purposely or knowingly causes:
(a) bodily injury to another with a weapon; [or]
(b) reasonable apprehension of serious bodily injury in another by use of a weapon[.] . . .

The evidence showed that the defendant came out of his house carrying a lethal weapon and confronted the officer. Waving the sickle-shaped knife, he yelled, "I'll kill you, you son of a bitch." This evidence is sufficient to support a finding that the defendant acted purposely or knowingly which satisfies the intent element. The officer testified he sustained swelling and a laceration of his left wrist, requiring him to wear a brace for six weeks. The officer also testified that he thought he had "had it" when defendant had him pinned to the ground while defendant had the knife in his hand. The evidence is sufficient to support a finding that there was bodily injury to the officer with a weapon; or

13

alternatively, that the officer had reasonable apprehension of serious bodily injury by defendant's use of the knife.

The chain of events does not support defendant's contention that he was merely defending himself. Defendant came out of his house and confronted the officer twice. The officer acted reasonably to effectuate a lawful arrest and defend himself.

The facts support the conclusion that any rational trier of fact could have found beyond a reasonable doubt the essential elements of the crime. We conclude the evidence was sufficient to support the conviction of felony assault.

Affirmed.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____

_____
Justices

14

Justice William E. Hunt, Sr., dissenting.

I dissent. Today the majority, in its modification of the _Just_ rule, is confusing the fundamental purpose of Rule 404(b) with the more mechanical admissibility requirements of _Just_. The change in our law leaves the accused with an almost insurmountable task in excluding evidence of bad character. I dissented similarly in State v. Sadowski, ___ P.2d ___, 48 St.Rep. 93 (1991). The importance of maintaining the distinction between 404(b) and _Just_ cannot be over-emphasized.

Our criminal justice system is premised on the notion that the accused are innocent until proven guilty. Rule 404(b) is a crucial tool for the preservation of that premise. Rule 404(b) unequivocally states that evidence of other crimes, wrongs, or acts is not admissible as character evidence. The danger of prejudicing a defendant by admission of such evidence constitutes, as Justice Cardozo remarked, "a peril to the innocent." People v. Zackowitz, 254 N.Y. 192, 194, 172 N.D. 466, 467 (1930). We are therefore charged, by the very foundation of our justice system, to closely scrutinize any procedure which may imperil the rights of the accused.

Rule 404(b), therefore, requires a high degree of relevancy in order to admit other crimes into evidence.

> The rule is that the prosecution may not introduce evidence of other criminal acts of the accused unless the evidence is <u>substantially relevant</u> for some other purpose than to show a probability that he committed the crime on trial because he is a man of criminal character.

15

C. McCormick, *McCormick's Handbook of the Law of Evidence* (2d ed. 1972), reprinted in J. Kaplan & J. Waltz, *Evidence--Cases and Materials* 370 (5th ed. 1984) (emphasis added). The list of "other purposes" in Rule 404(b) sets out elements that may be necessary for the prosecution's case and that may, therefore, be relevant to prove a fact in issue, such as intent, identity, or absence of mistake. The presence of the list does not imply that <u>any</u> evidence of prior acts that tends to show <u>any</u> purpose on the list is by definition relevant. For example, if intent is not an issue, then evidence of other bad acts that demonstrate intent is irrelevant and therefore inadmissible.

The <u>Just</u> rule prescribes certain technical requirements for admissibility. The act must be similar, near in time, tending to establish a common scheme, plan, or system, and more probative than prejudicial. The majority encounters a problem with the third <u>Just</u> element. By seizing on the common scheme or plan element of <u>Just</u> and finding that it looks like the "plan" of 404(b), the majority assumes they are the same thing. It then substitutes Rule 404(b) for the common scheme element of <u>Just</u>, thus expanding the third <u>Just</u> element beyond all meaning.

By replacing the narrow common scheme element of <u>Just</u> with the 404(b) list, we have fallen into the trap warned about by McCormick:

> And so here there is danger that if the judges, trial and appellate, content themselves with merely determining whether the particular evidence of other crimes does or does not fit in one of the approved classes, they may lose sight of the underlying policy of protecting the accused against unfair prejudice. The policy may evaporate through the interstices of the classification.

Reprinted in *Evidence--Cases and Materials* at 375.

The policy of protecting the accused against unfair prejudice is sadly evaporating in the State of Montana. The majority admits that evaporation by stating that it is "eliminating the limitation that evidence is admissible only if it shows a common scheme, plan or system." As I stated in <u>Sadowski</u>, we may as well just come out and say that other acts are admissible. Today, over the federal rule, state rule, and caveats of scholars, we have seen fit to further erode the presumption of innocence and, indeed, "imperil the innocent."

I agree with the majority that the evidence is not admissible in this case, but do not agree that it was harmless error.

I would reverse.

_William E. Hunt_
Justice

17