No. 90-565

IN THE SUPREME COURT OF THE STATE OF MONTANA

1992

STATE OF MONTANA, Plaintiff & Respondent,

vs.

GLORIA WELLS, Defendant & Appellant.

APPEAL FROM: District Court of the Tenth Judicial District,
In and for the County of Fergus,
The Honorable Peter L. Rapkoch, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Torger S. Oaas, Lewistown, Montana

For Respondent:

Hon. Marc Racicot, Attorney General, Helena, Montana
Patricia J. Jordan, Assistant
Tom Meissner, Fergus County Attorney, Lewistown,
Montana

FILED

5 1992

CLERK OF S       COURT
Filed:   MONTANA

Submitted on Briefs: December 12, 1991

Decided: February 25, 1992

Clerk

Justice Fred J. Weber delivered the Opinion of the Court.

Defendant, Gloria Wells, appeals from her conviction of felony theft and misdemeanor theft after a bench trial in the District Court for the Tenth Judicial District, Fergus County. We reverse.

The sole issue for our review is whether the District Court erred in admitting evidence of other crimes, wrongs, or acts of the defendant.

Our summary of facts is taken from the extensive findings of fact on the part of the District Court. The defendant, Gloria Wells, and Debra McNamee (Debra), were friends and visited each other frequently from 1986 to September 1988. During June of 1988, Debra attempted to sell her diamond and ruby wedding ring from a previous marriage. Sometime in June, Debra authorized defendant to take the ring with her to Billings to try and sell it there. The next day, defendant returned the ring to Debra who then put it in her jewelry box for safe keeping. Some time after that, Debra looked for the ring and found it missing. Debra was the only person with authority to remove the ring from the jewelry box.

In July of 1988, while traveling, Debra saw the defendant in Billings and noticed defendant was wearing her ring. When Debra returned home to Lewistown she found her house in a state of disarray with various items missing.

Debra later saw defendant in a Lewistown bar and demanded the immediate return of all the items from her house. The items were not returned and on August 19, 1988, Debra reported the theft of various items from her home, including the ring and some missing

checks, to the Lewistown Police Department. Later that same day, defendant was arrested in Billings for Felony Forgery Conspiracy for trying to pass a forged check in the amount of $1,700 drawn on the account of "Anna Duffy".

While defendant was being held on the charges in Yellowstone County the Billings Police Department removed Debra's diamond and ruby wedding ring from defendant's hand and also found in defendant's purse a series of checks belonging to Debra of which several had been removed.

While defendant testified that she had Debra's permission to have both the ring and the check blanks, she pled guilty to the offense of misdemeanor theft for unauthorized control over the checks belonging to Debra.

The District Court concluded that the defendant purposely and knowingly exerted unauthorized control over the wedding ring owned by Debra and purposely and knowingly exercised unauthorized control over the checks owned by Debra. Defendant appeals from the court's determination that she was guilty of Count I Felony Theft and Count II Misdemeanor Theft.

Did the District Court err in admitting evidence of other crimes, wrongs, or acts of the defendant?

The day before trial the State filed a Just Notice with the court which read:

> Please be notified that the State of Montana will introduce evidence of other crimes, wrongs or acts specifically thefts, attempts of theft and forgery to show proof of motive on the part of the Defendant in this action to obtain money illegally during the summer of 1988.

3

The evidence introduced included testimony by Debra that defendant was "into heavy drugs", "involved with stealing", and had once pointed a gun at Debra. At trial, defendant objected to such testimony and a continuing objection was noted by the District Court.

Defendant contends that the notice was insufficient because it failed to specify when the other crimes, wrongs or acts occurred and did not give her sufficient information to prepare a defense. Defendant further maintains that the evidence introduced that defendant had stolen other items from Debra was inadmissible because such allegations referred to crimes subsequent to the crime for which defendant was on trial. Defendant contends that evidence of subsequent acts is not admissible.

The State maintains that the evidence that defendant was "into heavy drugs" was introduced to show motive to obtain money illegally. The State's theory at trial was that the defendant had a motive of illegally obtaining money during the summer of 1988 to support her drug use. The State maintains that the gun incident was introduced to show the state of mind of the victim, i.e., fear of defendant, not to show that the defendant acted in conformity therewith.

However, the State concedes that specific notice was not given that the State intended to introduce evidence of defendant's drug use or the incident where the gun was pointed at the victim. The State claims that any prejudice to the defendant was minimized by the cross-examination of the victim, wherein the victim stated that she had used drugs with the defendant. Finally, the State contends

4

that in a bench trial, the dangers of improper use of other crimes evidence are minimal.

Under the Modified Just Rule, the other crimes, wrongs or acts must be similar. State v. Matt (Mont. 1991), 814 P.2d 52, 56, 48 St.Rep. 614, 616; Rules 404(b) and 403, M.R.Evid. The Modified Just Rule provides:

(1) The other crimes, wrongs or acts must be similar.

(2) The other crimes, wrongs or acts must not be remote in time.

(3) The evidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show that he acted in conformity with such character; but may be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

(4) Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading of the jury, considerations of undue delay, waste of time, or needless presentation of cumulative evidence. [Emphasis added.]

Paragraph (1) of the Modified Just Rule provides that the other crimes, wrongs or acts must be similar. We conclude there is no similarity between the alleged drug usage and the gun incident and the crimes of theft with which the defendant was charged. We hold that the State's introduction of the evidence of defendant's alleged drug use and the gun incident constituted reversible error, even in a bench trial.

For assistance on retrial we have further comments with regard to the Modified Just Rule. The notice required by the prosecution to the defendant under the Modified Just Rule provides:

Evidence of other crimes, wrongs or acts may not be received unless there has been written notice to the

5

defendant that such evidence is to be introduced. The notice to the defendant shall specify the evidence of other crimes, wrongs or acts to be acts to be admitted, and the specific Rule 404(b) purpose or purposes for which it is to be admitted. [Emphasis added.]

State v. Matt, 814 P.2d at 56. The notice given in the present case with regard to other thefts stated that evidence of "other thefts, attempts of thefts, and forgery would be offered to show proof of motive." Such notice is inadequate to give the specificity of the evidence of other crimes, wrongs or acts to be produced. These must be identified in such a manner that the defendant may identify the specific incidents upon which evidence is to be admitted. As an example here, the notice properly could have referred to the items taken from Debra's home.

As indicated, the notice stated that the evidence would be offered to show proof of motive. 22. C. Wright & K. Graham, Federal Practice and Procedure, § 5240, makes the following general observation with regard to motive:

> Evidence of motive may be offered to prove that the act was committed, or to prove the identity of the actor, or to prove the requisite mental state. It is important to determine which of the ultimate issues is to be proved by motive because the relevance of the evidence and its admissibility may not be the same on one issue as on another.

Graham, Volume 22, page 480. Wright & Graham discusses at length the basis for admission of evidence to prove motive, intent, and absence of mistake, any one of which might be appropriate in the present case depending upon the nature of the evidence submitted on retrial.

We emphasize that in analyzing the admissibility, the trial court should follow all of the steps set forth in the Modified Just

6

Rule.

The State also introduced evidence showing that the defendant was involved in a conspiracy to commit forgery on the bank account of Anna Duffy. Detective Cummings testified that defendant was detained to determine her involvement in the forgery of the $1,700 Anna Duffy check; and further testified that defendant was arrested for conspiracy to commit forgery. As we analyze that evidence under the Modified Just Rule, we conclude that the proof of involvement in the Anna Duffy forgery does not demonstrate the type of proof of motive which is admissible under the Modified Just Rule. This is the type of evidence which is not admissible because its purpose apparently was to demonstrate that because defendant was involved in other similar crimes, she would have been involved here. That is prohibited under the first portion of paragraph (3) of the Modified Just Rule which states that evidence of other crimes is not admissible to prove the character of the person in order to show that she acted in conformity with that character. Unless other evidence is submitted establishing a relationship not in the present record, we point out that the evidence with regard to the Anna Duffy check would not be admissible under the Modified Just Rule.

We reverse on the admission of evidence of the drug usage and the gun incident and remand to the District Court.

_____
Justice

We Concur:

_____

7

John Conway Harrison

Karla M. Gray

J. C. McDonough
Justices

Justice R. C. McDonough specially concurs as follows:

I concur with the foregoing majority opinion. In addition, the introduction of evidence that the defendant was "into heavy drugs" as proof of a motive, violates subdivision (4) of the Modified Just Rule. Such evidence, even if relevant, should be excluded under these facts. The probative value of the evidence is outweighed by unfair prejudice to the defendant.

_____
                    Justice