NO. 93-115

IN THE SUPREME COURT OF THE STATE OF MONTANA

1993

THE STATE OF MONTANA,

      Plaintiff and Appellant,

  v.

NEIL K. ANDERSEN and
THOMAS RIPPINGALE,

      Defendants and Respondents.

**FILED**

SEP 1 6 1993

CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:    District Court of the First Judicial District,
                 In and for the County of Lewis and Clark,
                 The Honorable Thomas C. Honzel, Judge presiding.

COUNSEL OF RECORD:

      For Appellant:

            Hon. Joseph P. Mazurek, Attorney General:
            Elizabeth L. Griffing, Assistant Attorney
            General, Helena

            Mike McGrath, County Attorney, Helena

      For Respondents:

            Nicholas C. Jacques, Helena (Rippingale)

            Gregory A. Jackson, Jackson & Rice, Helena
            (Andersen)

Submitted on Briefs:  June 23, 1993

Decided:  September 16, 1993

Filed:

_____
        Clerk

Chief Justice J. A. **Turnage** delivered the Opinion of the Court.

The State appeals from a pretrial order granting a defense motion in limine. The order bars the State from presenting at trial evidence of past uncharged criminal conduct of defendant Thomas Rippingale. We affirm the order entered by the District Court for the First Judicial District, Lewis and Clark County.

The issue is whether the District Court abused its discretion in granting the motion in limine.

The defendants, Neil Andersen and Thomas Rippingale, have been charged by information with conspiracy and solicitation. The conspiracy charge alleges that Rippingale agreed with Andersen and Bryan Hardy to commit arson by burning down a mansion owned by Andersen. The solicitation charge alleges that Rippingale solicited Hardy to steal a pickup truck owned by Andersen. Trial on these charges has not yet occurred.

The State filed a notice of intent to introduce at trial evidence of a previous conspiracy to commit arson at a duplex owned by Rippingale, pursuant to the notice requirements of State v. Just (1979), 184 Mont. 262, 602 **P.2d** 957, as modified in State v. Matt (1991), 249 Mont. 136, 814 **P.2d** 52. The State also sought to introduce evidence of the theft of a pickup truck in 1980. The proposed evidence connecting Rippingale to both uncharged criminal acts would consist primarily of Hardy's testimony.

Rippingale moved in limine to bar the State from introducing the evidence of the duplex fire and the theft of the pickup truck.

The motion was submitted to the District Court on briefs and was granted in a written memorandum and order. The court later denied the State's motion for reconsideration. The State then filed its notice of appeal, appealing only the portion of the District Court's order suppressing evidence of the prior conspiracy to commit arson at Rippingale's duplex.

Did the District Court abuse its discretion in granting the motion in limine?

The standard for appellate review of evidentiary rulings is whether the district court abused its discretion. State v. Sadowski (1991), 247 Mont. 63, 69, 805 P.2d 537, 540. We will not overturn a district court's findings of fact regarding suppression hearing evidence unless those findings are clearly erroneous. State v. Bower (1992), 254 Mont. 1, 7, 833 P.2d 1106, 1110.

The District Court's ruling was made under the modified Just rule, after the court weighed the following requirements concerning admissibility of evidence of prior acts:

(1) The other crimes, wrongs or acts must be similar to the crime charged:

(2) The other crimes, wrongs or acts must not be remote in time;

(3) The evidence of other crimes, wrongs or acts is not admissible to prove character of a person in order to show that he acted in conformity with such character, but may be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident:

3

> (4) Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading of the jury, considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

Matt, 814 P.2d at 56.

The Just notice filed by the State identified "the fires which occurred at the Rippingale duplex on or about February 3, 1987." As the defense points out, the duplex fire with which Hardy has confessed involvement occurred in late January of 1987. The duplex was destroyed by a different fire, which occurred on February 3, 1987. Hardy has professed no connection with the February 3 fire, and from its review of the record, the District Court found that the January fire did not cause significant damage to the duplex. The court, however, treated the two duplex fires as a unit for purposes of considering the motion in limine.

The State asserts that the District Court abused its discretion by: 1) underestimating the relevance and significance of other crimes evidence in conspiracy cases; 2) applying too strict a similarity standard and comparing the characteristics of the fires rather than the characteristics of the conspiracies: and 3) finding that the prejudicial effect of the prior acts substantially outweighed the probative value of the evidence. We will address these arguments in the order in which the State has presented them.

Rule 404(b), M.R.Evid., provides that

> [e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be

4

> admissible for other purposes, such as proof of motive, opportunity, intent, preparation, **plan,** knowledge, identity, or absence of mistake or accident.

This rule of evidence is restated in the third requirement under the modified Just rule. _Matt,_ 814 **P.2d** at 56. The State asserts that evidence of a previous agreement between Hardy and Rippingale to start a fire is admissible under this rule because of its relevance to the description, purpose, and nature of the charged conspiracy. In its Just notice, the State described the purpose of introducing the evidence as **"to** show intent, motive, plan, and to show the long-standing involvement of these two men in criminal activity as accomplices."

In its order granting the defense's motion in limine, the District Court stated **"the** fact that Hardy and Rippingale may have a history of criminal involvement is not a permissible purpose under Rule **404(b)."** However, this was not the primary reason for the court's ruliny.

The primary reason given by the District Court for its ruling is that the fires at Rippingale's duplex are not sufficiently similar to the mansion fire. This determination reflects the first factor under the modified Just rule.

The State asserts that all the differences listed by the District Court between the charged crime and the offered evidence relate to the nature of the fires. That is not true. The court's order refers to **the** absence of evidence that the motives for starting the fires at the duplex and at the mansion were the same,

5

because there is no evidence that Rippingale benefitted financially from the mansion fire. The court also noted that the two buildings were not owned by the same person and that Hardy did not receive any payment for the fire at the Rippingale duplex but may have received something from the mansion fire.

In further support of its argument that the District Court applied too strict a standard on similarity, the State compares this case with other Montana cases in which the admissibility of evidence of other acts or crimes was at issue. The persuasive value of this line of argument is limited for two reasons. First, rulings on admission of evidence of prior acts must be made on a case-by-case basis. Sadowski, **805 P.2d** at 543. The Montana cases cited by the State deal with a wide variety of crimes, assorted purposes for introduction of the proposed evidence, and diverse other crimes, wrongs, or acts. These variables impede comparison of the cases.

Second, we emphasize our standard of review, which is to affirm the district courts' discretion absent clear error. The effect of this standard of review is demonstrated not only in the Montana cases cited by the State, but also in the federal cases cited, which are more factually **similar to** this case. Overwhelmingly, the appellate decisions affirm the discretionary rulings of the trial courts.

The District Court stated that **"[e]ven** if the similarity prong of the test can be considered satisfied, the evidence should still

**6**

not be admitted because its probative value is substantially outweighed by the danger of unfair prejudice to [Rippingale]." Unlike the proposed evidence in many cases, the proposed evidence in this case is uncorroborated testimony of an alleged accomplice. Moreover, it appears from the record that the credibility of Hardy, thealleged accomplice, will be hotly contested at trial on several bases. This raises significant questions about the probative value of the proposed evidence. On the other hand, there is obvious prejudicial potential in allowing the proposed evidence as an indication of a long-standing involvement of Hardy and Rippingale as accomplices in criminal activity.

We conclude that the District Court did not abuse its discretion in granting the defense motion in limine prohibiting the use at trial of the proposed evidence. We therefore affirm the decision of the District Court.

_____
Chief Justice

We concur:

_____

_____

_____
Justices

7

Justice Fred J. Weber dissents as follows:

As presented in the majority opinion, I will discuss the assertions by the State that the District Court abused its discretion by: (1) underestimating the relevance and significance of other crimes evidence in conspiracy cases; (2) applying too strict a similarity standard and comparing the characteristics of fires rather than the characteristics of the conspiracies: and (3) finding that the prejudicial effect of the prior acts substantially outweighed the probative value of the evidence.

<u>Relevance and significance of other crimes evidence in conswiracv cases.</u> The majority opinion does not discuss this at length. I conclude it is the primary issue. The majority opinion does point out that the District Court stated: "The fact that Hardy and Rippingale may have a history of criminal involvement is not a permissible purpose under Rule 404(b)." I conclude the District Court was in error in stating that a history of criminal involvement was not a permissible purpose. Defendant Thomas Rippingale is charged by information with conspiracy. The State cited Imwinkelried, Uncharged Misconduct Evidence § 4.22, which describes the unique proof which a conspiracy prosecution requires, and points to the relevance of the past relationships of criminal involvement in a conspiracy case. Imwinkelreid states:

> Suppose that the defendant is charged with a conspiracy. Under substantive criminal law, the prosecutor must showthatthe defendant performed the act of entering into an illegal agreement with the alleged coconspirator or coconspirators. The prosecutor has evidencethatthe defendant and the alleged coconspirator have had prior illegal dealings. May the prosecutor offer that evidence to prove the act of entering into the

**8**

charged illegal agreementwithoutviolatingthe character prohibition?

> Numerous cases allow the prosecutor to do preciselv that. In principle. this is a leaitimate use of uncharged misconduct evidence. The prosecutor is not merely offering evidence of the defendant's prior misconduct with third parties and arguing that since the defendant once entered into an illegal transaction, he or she probably entered into the charged illegal agreement. Rather. the prosecutor is offering evidence of the defendant's special relationship with the same coconspirator involved in the charged conspiracy and contending that the earlier, special relationship increases the likelihood that they entered into the later, charged conspiracy. This theory of logical relevance is tenable. It is unlikely that a criminal would approach a complete stranger with a proposal for an unlawful conspiracy. It is much more plausible that the defendant will approach someone the defendant trusts and someone whom the defendant knows is willing to engage in illegal activity. This is a permissible noncharacter theory of logical relevance. (Footnotes omitted.) (Emphasis supplied.)

Imwinkelried, Uncharged Misconduct Evidence § 4.22 I agree with Imwinkelried's conclusion that the relationships between coconspirators are both permissible and relevant where a conspiracy has been charged. Here the relationship between Hardy and Rippingale is of central importance to a prosecution. In United States v. Jones (11th Cir. 1991), 933 F.2d 1541, 1546, the circuit court concludedthatevidence of another crime among coconspirators was relevant not only to motive and intent, but also "to explain the relationship" among them. That theory is directly applicable in the present case. In a similar manner, in United States v. McKoy (9th Cir. 1985), 771 F.2d 1207, 1214, the Ninth Circuit concluded that evidence of other crimes was admissible to "explain the nature of the relationship" between coconspirators and acknowledged that "evidence of prior criminal acts may be relevant

in conspiracy cases to show the background and development of the conspiracy." In its Modified Just Notice in the present case, the State listed the involvement of these two men in criminal activities as accomplices as one of its purposes. I believe that was clearly relevant.

Evidence of a past relationship between Rippingale and Hardy constituted a foundation upon which a subsequent conspiracy could be built. The District Court concluded that it was relevant that Rippingale received $40,000 in insurance proceeds from the duplex fire while Anderson received over $400,000 from the mansion fire. I do not believe that the receipt of the monies by different parties destroys the conspiracy aspect. In its notice, the State also proposed that the evidence of prior conspiracy was relevant to the issues of motive, intent and plan and I believe those are properly a basis for admission as well.

I therefore conclude that under part (3) of the Modified Just Rule, the evidence of the other crime was admissible to prove motive, intent, plan, and also as an explanation of the conspiracy relationship between the parties. While the latter aspect is not specifically set forth in the Modified Just Rule, this Court has determined that the evidence must be logically relevant to one of the listed purposes "or some other fact in issue and not merely introduced as proof of a character defect." State v. Sadowski (1991), 247 Mont. 63, 72, 805 P.2d 537, 542.

Standard of similarity. Other crimes must be similar. The majority points out that the primary reason given by the District

10

Court for its ruling was that the fire at Rippingale's duplex was not similar to the fire at the mansion. I conclude the District Court abused its discretion by applying too strict a similarity standard. The similarity between the uncharged conduct and the charged conduct is clearly material. Both acts involved an agreement between Rippingale and Hardy to commit arson. In both instances Rippingale approached Hardy with the request to set the fire and Rippingale was shown to be the instigator. Hardy was the man who actually set the fires. Finally, Rippingale and Hardy coordinated when the fires were to happen. In the duplex fire, Rippingale told Hardy when to set the fire, and in the mansion fire, Hardy and Rippingale talked the night before the fire.

The District Court emphasized that it was significant that Rippingale was paid the insurance proceeds on the duplex fire and Anderson was paid the insurance proceeds on the mansion fire. I suggest this has little relevance. The similarity lies in the allegation that insurance proceeds were paid to the owner as a result of arson. I conclude similarities between the two incidents are clearly sufficient to meet the similarity test as enunciated in other Montana cases.

As an example that such a strict rule of similarity has not been applied in Montana, State v. McKnight (1991), 250 Mont. 457, 820 P.2d 1279, held that a sexual assault was sufficiently similar to sexual intercourse without consent to allow evidence of the assault under the Modified Just Rule. In a similar manner, prior violent uncharged sex crimes were sufficiently similar to

11

deliberate homicide to allow such evidence.  <u>See</u> State v. Gambrel (1990), 246 Mont. 84, 803 P.2d 1071.

I would therefore conclude that the prior conspiracy established sufficient similarity under the Rule.

<u>Prejudicial effect outweighs probative value.</u>  The majority concludes that the District Court was correct in stating that even if the similarity prong can be considered as being satisfied, the evidence should not be admitted because its probative value was substantially outweighed by the danger of unfair prejudice to Rippingale.  Here the District Court emphasized that the proposed evidence was uncorroborated testimony of an alleged accomplice and that the credibility would be hotly contested at trial.  This Court has concluded that prejudice alone is not a sufficient reason to refuse admission of evidence under the Modified Just Rule.  See <u>McKnight</u>, 820 P.2d at1284.  "Unfair prejudice" has been previously defined by this Court in State v. Paulson (1991), 250 Mont. 32, 43, 817 P.2d 1137, 1144 (quoting 10 James Wm. Moore, <u>Moore's Federal Practice</u> § 403.10[1]), as follows:

> [B]y restricting the rule to evidence which will cause "<u>unfair</u> prejudice" the draftsmen meant to caution courts that <u>mere nreiudicial effect is not a sufficient reason to refuse admission.</u> Probative evidence will frequently be prejudicial to a party, but that does not mean that it will cause the fact finder to ground a decision on an emotional basis. <u>Thus, evidence which tends to horrifv. evoke sympathy</u> or increase <u>a desire to punish due to a prior act of a party and whose Drobative value is slight may be properly excluded.</u> (Footnotes omitted.) (Emphasis supplied.)

The District Court failed to properly apply this standard in making a finding of <u>unfair areiudice.</u>  The evidence here does not horrify,

12

evoke sympathy or increase a desire to punish, and the probative value is certainly not slight.   All we find here is that the evidence would have some prejudicial effect but that in itself is not a sufficient reason to refuse admission under <u>State v. Paulson</u>.

I would therefore conclude that the District Court abused its discretion in concluding that the evidence should be excluded because its probative value is substantially outweighed by the danger of prejudice.

I would reverse the decision of the District Court.

_____
Justice

13

September 16, 1993

CERTIFICATE OF SERVICE

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:


MIKE McGRATH, County Attorney
Lewis & Clark County
228 Broadway
Helena, MT 59601

HON. JOSEPH P. MAZUREK, Attorney General
Elizabeth L. Griffmg, Assistant
Justice Bldg.
Helena, MT 59601

Gregory A. Jackson
JACKSON & RICE
833 North Last Chance Gulch
Helena, MT 59601

NICHOLAS C. JACQUES
Attorney at Law
310 Broadway
Helena, MT 59601



ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY: _____
        Deputy