NO.   95-467

IN THE SUPREME COURT OF THE STATE OF MONTANA

1996

STATE OF MONTANA,

         Plaintiff and Respondent,

    v.

RUDY STANKO,

         Defendant and Appellant.

APPEAL FROM:   District Court of the Eighth Judicial District,
               In and for the County of Cascade,
               The Honorable Robert P. Goff, Judge presiding.

COUNSEL OF RECORD:

         For Appellant:

         Rudy Stanko, Pro Se; Laurel, Montana

         For Respondent:

               Hon. Joseph P. Mazurek, Attorney General;
               Patricia J. Jordan, Assistant Attorney
               General; Helena, Montana

               Brant S. Light, Cascade County Attorney;
               Jeff Mora, Deputy County Attorney;
               Great Falls, Montana

Submitted on Briefs:   October 31, 1996

Decided:   December 17, 1996

Filed:

_____
Clerk

Justice Charles E. Erdmann delivered the opinion of the Court.

Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1995 Internal Operating Rules, the following decision shall not be cited as precedent and shall be published by its filing as a public document with the Clerk of the Supreme Court and by a report of its result to State Reporter Publishing Company and West Publishing Company.

Rudy Stanko appeals from the jury verdict and sentence entered by the Eighth Judicial District Court, Cascade County, convicting him of operating as a livestock dealer without a license, a misdemeanor, pursuant to § 81-8-271, MCA. We affirm.

The issues on appeal are as follows:

1. Did the exclusion of two defense witnesses on relevancy grounds violate Stanko's rights of compulsory process and due process?

2. Was there sufficient evidence to support the conviction?

3. Did the District Court err in admitting evidence of a warning ticket issued two days prior to the offense?

4. Did the District Court err in admitting Stanko's statement that he had taken the cattle out of state?

5. Was a probable cause determination required for the District Court to hear Stanko's appeal from Justice Court?

FACTS

Rob Tierney is a district investigator for the Department of Livestock in Billings. Tierney first met Rudy Stanko on March 26, 1993, at the Billings Livestock Commission where Stanko informed

Tierney that he was dealing in livestock. Tierney informed Stanko that he could not operate as a livestock dealer without being licensed by the State. After Tierney personally observed Stanko buying cattle, he issued Stanko a warning notice dated March 29, 1993. At that time, Stanko requested a real ticket so that he could challenge the system.

Tierney later served Stanko with a citation charging him with buying cattle at Western Livestock Auction on March 31, 1993, without a dealer's license. Tierney delivered the citation to Stanko during the first week of April 1993. At that time, Stanko indicated he would "test the system" and acknowledged that Stanko Farms, of Gering, Nebraska, was owned by him and his w-wife. Stanko also stated that he had purchased the cattle and taken some of them to Laurel and some to Long Prairie and Scotts Bluff, Nebraska.

Stanko was subsequently issued a notice to appear in Justice Court on a misdemeanor charge of buying cattle without a dealer's license, pursuant to § 81-E-271, MCA. On December 9, 1993, he was tried by a jury and found guilty.

Stanko appealed his conviction to the District Court where he was tried *de novo*. In that proceeding, the State filed notice pursuant to State v. Just (1979), 184 Mont. 262, 602 P.2d 957 (as modified in State v. Matt (1991), 249 Mont. 136, 814 P.2d 52), that it intended to introduce the March 29, 1993, warning ticket Tierney had issued to Stanko. The State intended to use the warning ticket to prove knowledge, purpose, and absence of mistake. Following a

pretrial hearing **on** the **matter,** the District Court determined that the evidence was admissible under Rule 404(b), M.R.Evid.

Stanko filed **motions** to dismiss the complaint on the grounds that § 81-8-271, MCA, was unconstitutional for a number of reasons, and that the statute was discriminately enforced. The State filed a motion in limine to exclude all testimony tending to show that other individuals or organizations are not prosecuted under the statute and that other persons or organizations, namely the National Farmers' Organization (NFO), are not subject to its provisions. The State relied on the fact that the court had previously stated at the omnibus hearing that such testimony and evidence was irrelevant to the present matter and therefore inadmissible. The District Court denied Stanko's motions to dismiss and granted the State's motion in limine. Stanko then filed an interlocutory appeal with this Court which we dismissed as being premature and unauthorized by the Montana Rules of Appellate Procedure. See Mont. Sup. Ct. Order No. 94-555 (February 28, 1995).

A jury trial was conducted on August 10 and 11, 1995. At the close of the State's case, Stanko moved for a directed verdict, which the court denied. Stanko then made an offer of proof regarding the proposed testimony of two witnesses, Les Graham and Joyce Riles. The court heard testimony from both individuals out of the presence of the jury and concluded it would not allow either Graham or Riles to testify before the jury because their testimony was irrelevant. At that point, the defense rested its case and

4

Stanko renewed his motion for a directed verdict, which the court denied.

The jury returned a guilty verdict. Stanko moved for a judgment notwithstanding the verdict, which the court denied. The District Court sentenced Stanko to pay a fine in the amount of $1000 with $750 suspended. This appeal followed.

ISSUE 1

Did the exclusion of two defense witnesses on relevancy grounds violate Stanko's rights of compulsory process and due process?

Stanko argues that when the court excluded the testimony of Graham and Riles, he was prevented from presenting his case on the alleged unconstitutionality of § 81-a-271, MCA, and the Department of Livestock's discriminatory enforcement of the statute. Graham was a long-time employee of the Department of Livestock and was the director of the Department from 1983 to 1991. Riles was a member of the NFO and was prepared to testify about the NFO exemption and how they operate without a dealer's license.

We first note that with respect to Stanko's claim that § 81-8-271, MCA, is unconstitutional, this Court has already ruled on this issue in a prior action involving Stanko. See State v. Stanko (1996), 275 Mont. 532, 913 P.2d 1259. In that matter, we upheld the constitutionality of the statute, and therefore Stanko's argument on that ground in the present action is without merit.

The district court has broad discretion to determine whether or not evidence is relevant and admissible. State v. Hall (1990),

5

244 Mont. 161, 169, 797 P.2d 183, 188. See also Rule 401, M.R.Evid. The district court's determination of the relevance and admissibility of evidence is subject to review only for abuse of discretion. State v. Hage (1993), 258 Mont. 498, 504, 853 P.2d 1251, 1255.

The Sixth Amendment of the United States Constitution guarantees the accused compulsory process for obtaining witnesses in his favor. This right is a part of due process that the Fourteenth Amendment requires the state to provide. Washington v. Texas (1967), 388 U.S. 14, 18-19. In addition, the Fourteenth Amendment right to due process ultimately governs the state's rules of evidence. The defendant must be afforded a fair opportunity to defend against the state's accusations. Chambers v. Mississippi (1973), 410 U.S. 284, 294. Nevertheless, the defendant's right to present evidence is not absolute. Chambers, 410 U.S. at 302.

The Ninth Circuit Court of Appeals has adopted the following five-factor analysis to determine whether the exclusion of evidence reaches constitutional proportions: (1) the probative value of the evidence; (2) its reliability; (3) whether it is capable of evaluation by the trier of fact; (4) whether it is the sole evidence on the issue or merely cumulative; and (5) whether it constitutes a major part of the attempted defense. See Tinsley v. Borg (9th Cir. 1990), 895 F.2d 520, 530. The court must also consider the purpose of the state's evidentiary rule and give due weight to the substantial state interest in preserving orderly trials, in judicial efficiency, and in excluding unreliable or

6

prejudicial evidence. Perry v. Rushen (9th Cir. 1983), 713 F.2d 1447, 1452-53.

Graham testified out of the presence of the jury that he did not know what the Department of Livestock was doing with regard to enforcement of the statute in 1993 since he was no longer with them at that time. Graham and Riles testified that the NFO was a collective bargaining organization that sells only its members' cattle. However, the record fails to indicate there was any evidence presented to show that Stanko was a member of the NFO or any other collective bargaining unit or organization entitled to be exempt from the operation of the statute.

Graham further testified that before the statute was amended, the Department of Livestock would permit a small rancher to purchase cattle for his own lot out of state, but that such a practice would not be permitted under the current statute. Tierney corroborated this fact when he testified that the law would now be enforced against such a buyer. There was no testimony which supported Stanko's argument that the law is randomly enforced against small, out-of-state ranchers.

We determine that Graham's and Rile's testimony had no probative value on the central issue in the case. The testimony was offered to prove that the NFO was not required to be licensed under the Montana Livestock Marketing Act. However, an exemption for NFO members has no bearing on this case since Stanko failed to prove he was a member the NFO or any marketing organization claiming an exemption from the statute. Moreover, the State has a

7

strong interest in preserving orderly trials, in judicial efficiency, and in excluding evidence irrelevant to the issues. In this case, the State's interest clearly outweighs the lack of probative value that the evidence Stanko intended to present to the jury would have had.

We therefore conclude that the District Court did not violate Stanko's constitutional right to compulsory process and due process, or otherwise abuse its discretion when it prevented the jury from hearing the testimony from Graham and Riles.

ISSUE 2

Was there sufficient evidence to support the conviction?

Stanko argues that the evidence presented at trial was insufficient to support the conviction. He specifically contends that the State did not prove that he purchased cattle for interstate shipment.

When the issue on appeal in a criminal case is whether there was sufficient evidence to support a jury verdict, the standard of review is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. State v. Licht (1994), 266 Mont. 123, 131, 879 P.2d 670, 675 (citing State v. Lyons (1992), 254 Mont. 360, 363, 838 P.2d 397, 399).

Section 81-8-271, MCA, provides that a person shall not operate as a livestock dealer without a license. Section 81-8-213 (6), MCA, defines "livestock dealer" as a person engaged in

8

the business of purchasing livestock for immediate resale, for interstate shipment, or on a commission or fee basis.

In the present case, the State's proof focused solely on Stanko's purchase of cattle for interstate shipment. Tierney testified that upon purchase of cattle, the destination of the cattle must be listed on the documentation and the purchaser may not divert the cattle to another destination without seeking prior approval from the Department of Livestock. Tierney stated that the cattle cannot be released from the market until the documentation is completed and the cattle are paid for. Jody Stortz, the office manager and custodian of records at Western Livestock Auction, introduced the purchase sheets for the cattle purchased by Stanko Farms of Gering, Nebraska.

Mark Bridges, the administrator of the Department of Livestock's Brand Enforcement Division, introduced into evidence the market release forms. The destination listed on all of the forms was Gering, Nebraska. Faye Olson and Kent Kerchal of Western Livestock Auction both testified that on March 31, 1993, they observed Stanko buying cattle using the bidding number 70. Kerchal testified that the cattle were released to Gering, Nebraska. Daryl Facken testified that he was working for Stanko in March 1993, and confirmed that he had signed the check which paid for the cattle. Moreover, Stanko admitted to Tierney that he had taken some of the cattle out of state. Moreover, the warning ticket Tierney gave Stanko on March 29, 1993, was introduced to show Stanko's knowledge of the licensing requirement and that he knowingly violated the

9

statute by purchasing the cattle with the intent to ship them out of state.  Tierney testified that he checked on Stanko's status and found that he was not licensed as a dealer in Montana.

We determine that in this case any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt and therefore conclude that there was substantial evidence to support the conviction.

ISSUE 3

Did the District Court err in admitting evidence of a warning ticket issued two days prior to the offense?

Stanko argues that the District Court erred by allowing the warning ticket he had received for acting as an agent for a livestock dealer in Billings to be admitted into evidence

When a district court determines whether evidence concerning past acts is admissible under Rule 404(b), M.R.Evid., it is governed by the following four-prong test set forth in Matt, referred to as the "Modified Just Rule:"

> (1) The other crimes, wrongs or acts must be similar.

> (2) The other crimes, wrongs or acts must not be remote in time.

> (3)   The evidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show that he acted in conformity with such character; but may be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

> (4)   Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues,

10

> misleading of the jury, considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

Matt, 814 P.2d at 56.

We review evidentiary rulings made by the district court to determine whether the court abused its discretion. State v. Gollehon (1993), 262 Mont. 293, 301, 864 P.2d 1257, 1263. In the present case, the State properly provided just notice to Stanko that it intended to introduce the warning ticket into evidence. The warning was for acting as an agent for a livestock dealer without a license, and the charged offense was for a similar offense, i.e., purchasing cattle for interstate shipment without a license. The prior act is sufficiently relevant to show knowledge of the license requirements.

The warning ticket was certainly not remote in time and it was offered for the limited purpose of showing the absence of mistake, knowledge or purpose of the defendant. The evidence was not lengthy and it would not have confused or misled the jury. Furthermore, the record indicates that the District Court properly instructed the jury concerning the limited purposes for which the evidence was being admitted. We therefore conclude that the court did not abuse its discretion by admitting the March 29, 1993, warning ticket into evidence.

### ISSUE 4

Did the District Court err in admitting Stanko's statement that he had taken the cattle out of state?

11

Stanko argues that his admissions to Tierney that he had taken the cattle out of state are not admissible because a warning pursuant to Miranda v. Arizona (1966), 384 U.S. 436, was not given.

Miranda requires that the State may not use a confession resulting from "custodial interrogation" unless the proper warnings have been given. Miranda, 384 U.S. at 444. Custodial interrogation requires questioning initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of his freedom of action in any significant way. Miranda, 384 U.S. at 444.

This Court has set out the following six factors to determine whether a reasonable person would feel free to leave and therefore not be placed under custodial interrogation:

> [P]lace of interrogation, the time of interrogation, persons present during interrogation, whether Miranda warnings were gratuitously given, the length and mood of interrogation, and whether or not the suspect was arrested following questioning.

State v. Staat (1991), 251 Mont. 1, 6, 822 P.2d 643, 646 (quoting State v. Lapp (1983), 202 Mont. 327, 331, 658 P.2d 400, 403).

In the present case, the record does not indicate that Stanko was interrogated or placed into a custodial situation. Tierney testified that he personally served Stanko with a notice to appear in Justice Court. Stanko was not arrested or taken into custody and he was free to go at any point during the conversation with Tierney. Thus, a Miranda warning was not required at the time Stanko made his statements to Tierney.

We therefore conclude that the District Court did not abuse its discretion when it allowed Stanko's statement that he had taken the cattle out of state to be admitted into evidence.

ISSUE 5

Was a probable cause determination required for the District Court to hear Stanko's appeal from Justice Court?

Stanko relies on § 46-11-201, MCA, to argue that the District Court was required to make an independent judicial determination of probable cause at a preliminary hearing. That statute, however, applies to a motion for leave to file an information. In this case, the complaint was filed in Justice Court and Stanko appealed his conviction to the District court. A probable cause determination is not required for an appeal from a Justice Court conviction.

Affirmed.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices

December 17, 1996

CERTIFICATE OF SERVICE

I hereby certify that the following certified order was sent by United States mail, prepaid, to the following named:

Rudy Stanko
1315 Allendale Road
Laurel, MT 59044


Jeff Mora
Deputy County Attorney
121 4th Street North
Great Falls, MT 59401

Hon. Joseph P. Mazurek, A.G.
, Assistant Attorney General
Justice Building
Helena, MT 59601

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY:_____
Deputy