JUSTICE NELSON,
concurring.
¶30 I concur in the Opinion. With respect to Issue 1 in particular, I agree with our analysis because the urine test results-which showed the presence of methamphetamine in McLaughlin’s body at the time of his arrest^were evidence of “the fact in dispute” under the so-called “transaction rule,” §26-1-103, MCA. They were evidence of matters that were ‘inextricably linked to and explanatory of’ the charged offenses (assault and attempted assault with a weapon). See State v. Derbyshire, 2009 MT 27, ¶ 31, 349 Mont. 114, 201 P.3d 811. Specifically, under the facts of this case, the urine test results were inextricably linked to and explanatory of McLaughlin’s resistance to arrest-i.e., the reasons he fought with the arresting officers and attempted to take control of their weapons and assault them-as well as the reasons the officers had difficulty subduing McLaughlin and feared for their personal safety despite outnumbering him. Opinion, ¶ 20.1 agree with the Court that, on the record here, the admission of this evidence did not violate M. R. Evid. 404(b) and our jurisprudence under State v. Just, 184 Mont. 262, 602 P.2d 957 (1979), as modified in State v. Matt, 249 Mont. 136, 814 P.2d 52 (1991). The State’s use of the urine test evidence in this case was an entirely proper application of *291 the “transaction rule” and is a welcome retreat from the State’s and this Court’s ever-expanding interpretations of the transaction rule and §26-1-103, MCA. See State v. Crosley, 2009 MT 126, ¶¶ 66-82, 350 Mont. 223, 206 P.3d 932 (Nelson & Cotter, JJ., specially concurring). It is probably too early to call this a trend, but I hope it is the direction in which we are heading.
¶31 I concur.