No. 91-571

IN THE SUPREME COURT OF THE STATE OF MONTANA

1992

STATE OF MONTANA,

          Plaintiff and Respondent,

-vs-

JAMES RILEY,

          Defendant and Appellant.

APPEAL FROM:  District Court of the Second Judicial District,
In and for the County of Silver Bow,
The Honorable James E. Purcell, Judge presiding.

COUNSEL OF RECORD:

      For Appellant:

      Kevin E. Vainio, Butte, Montana

      For Respondent:

      Hon. Marc Racicot, Attorney General, Helena, Montana
Micheal S. Wellenstein, Assistant Attorney General
Robert M. McCarthy, County Attorney; Carlo Canty,
Deputy, Butte, Montana

FILED

MAY 5 - 1992

Filed:
*Ed Smith*
CLERK OF SUPREME COURT
STATE OF MONTANA

Submitted on Briefs:  April 2, 1992

Decided:  May 5, 1992

_____
Clerk

Chief Justice J. A. Turnage delivered the Opinion of the Court.

James Riley (Riley) appeals a judgment of the Second Judicial District, Silver Bow County, which convicted him of failure to keep property clean under § 8.08.090(A) of the Butte-Silver Bow Municipal Code following a trial de novo. We affirm.

We rephrase the issues on appeal as follows:

Did sufficient evidence exist to support Riley's conviction of failure to keep property clean under § 8.08.090(A) of the Butte-Silver Bow Municipal Code?

On February 27, 1991, Riley was charged by complaint in police court with one count of failing to keep property clean and one count of permitting a disabled, wrecked, or abandoned vehicle to remain on property in violation of the Butte-Silver Bow Municipal Code. Following a trial in police court, the police judge on July 15, 1991, found Riley guilty of both counts. Riley timely appealed to District Court.

On September 5, 1991, a trial de novo was held in District Court. Five witnesses testified regarding the extensive materials Riley had accumulated and stored on his property, which included wood, metal, glass, plastic containers, cardboard, paper and machinery parts piled at depths ranging from six to twelve feet. Photographs of Riley's property revealed a yard bursting at the seams with junk.

2

The District Court, sitting without a jury, found Riley guilty of failing to keep property clean and not guilty of permitting a disabled, wrecked, or abandoned vehicle to remain on property. The District Court ordered Riley to pay a $50 fine and clear his property of all litter within thirty days. If he failed to clear his property of the litter within thirty days, the District Court ordered the Butte-Silver Bow Department of Public Works to clear and clean Riley's property under the supervision of the Butte-Silver Bow Health Department with all charges being billed to Riley. Thereafter, the District Court by an amended order allowed Riley an additional thirty days to remove the litter from his property. From this judgment, Riley now appeals.

Did sufficient evidence exist to support Riley's conviction of failure to keep property clean under § 8.08.090(A) of the Butte-Silver Bow Municipal Code?

The standard for reviewing issues concerning sufficiency of the evidence in criminal cases is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia (1979), 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560, 573.

Section 8.08.090(A) of the Butte-Silver Bow Municipal Code provides:

3

It shall be the duty of the owner, agent, or lessee to keep exterior private property free of litter. This requirement applies not only to removal of loose litter, but to materials that already are, or become, trapped at such locations as fence and wall bases, grassy and planted areas, borders, embankments and other lodging points.

Section 8.08.010(B) of the Butte-Silver Bow Municipal Code defines litter as:

any quantity of uncontainerized paper, metal, plastic, glass or miscellaneous solid waste which may be classed as trash, debris, rubbish, refuse, garbage or junk.

We hold that after viewing the evidence in the light most favorable to the State, any rational trier of fact could have found the essential elements of failing to keep property clean under § 8.08.090(A) of the Butte-Silver Bow Municipal Code beyond a reasonable doubt. We therefore affirm James Riley's conviction for failing to keep property clean under § 8.08.090(A) of the Butte-Silver Bow Municipal Code.

Chief Justice

4

We concur:

_____

_____

_____

_____
Justices

May 5, 1992

CERTIFICATE OF SERVICE

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:

Kevin E. Vainio
Attorney at Law
27 W. Park St.
Butte, MT  59701

Hon. Marc Racicot, Attorney General
Micheal S. Wellenstein, Asst. Atty. General
Justice Bldg.
Helena, MT   59620

Robert M. McCarty, County Attorney
Carlo Canty, Deputy
Silver Bow County Courthouse
Butte, MT  59701

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY:_____
Deputy