NO.   94-083

IN THE SUPREME COURT OF THE STATE OF MONTANA

1994

STATE OF MONTANA,

      Plaintiff and Respondent,

  v.

PETE GEORGE JOHNSTON,

      Defendant and Appellant.

FILED

OCT 27 1994

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:  District Court of the Eighteenth Judicial District,
In and for the County of Gallatin,
The Honorable Thomas A. Olson, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Jennifer Wendt Bordy, Attorney at Law,
        Bozeman, Montana

    For Respondent:

        Hon. Joseph P. Mazurek, Attorney General,
        Cregg W. Coughlin, Assistant Attorney
        General, Helena, Montana

        Mike Salvagni, Gallatin County Attorney,
        Marty Lambert, Deputy County Attorney,
        Bozeman, Montana

Submitted on Briefs:  August 11, 1994

Decided:  October 27, 1994

Filed:

Clerk

Justice Terry N. Trieweiler delivered the opinion of the Court.

Defendant Pete George Johnston was charged and convicted in the Eighteenth Judicial District Court, Gallatin County, of accountability for burglary, in violation of §§ 45-2-302 and 45-6-204, MCA. Johnston was sentenced to ten years in prison with all time suspended, based on certain conditions. Johnston appeals from the conviction. We reverse.

The issues on appeal are:

1. Did the District Court err when it admitted evidence of a prior misdemeanor forgery conviction?

2. Is the evidence sufficient to support defendant's conviction of accountability for burglary?

### FACTUAL BACKGROUND

On May 29, 1993, at approximately 1:20 a.m., an individual heard glass breaking at the First Lutheran Church in Bozeman and notified the Bozeman Police Department. Police officers surrounded the church and ordered anyone inside the church to come out. Daniel Maggard emerged and was arrested for burglary at 2:02 a.m. The officers searched the church but did not find anyone else. While searching Haggard, the officers found a vehicle key.

One and one-half hours after the burglary was reported and forty minutes after Maggard's arrest, while continuing their search for possible suspects, police officers heard a car horn and saw a flash of light. Two police officers approached the car and discovered Johnston sitting in the passenger seat with the lights and motor off. Johnston would not emerge when asked to do so by

2

the officers, and they had to open the car door and physically remove him. The officers stated that Johnston smelled strongly of alcohol and emerged from the car in his socks. The vehicle key which Maqqard had been carrying fit this car's ignition. Johnston was arrested at 2:48 a.m.

Officers later discovered that Maqqard had stolen some blank checks from the First Lutheran Church, and charged him with burglary. Johnston was charged by information on June 11, 1993, with accountability for burglary in violation of §§ 45-2-302 and 45-6-204, MCA.

At trial, Johnston testified that he passed out in the car when Maqqard was driving and was awakened by the police officers. Johnston stated that he became cold in the car and attempted to turn on the dome light to search for the key to turn the car on and must have accidently sounded the horn.

On September 21, 1993, just nine days before trial, the State provided notice pursuant to *State v. Just* (1979), 184 Mont. 262, 602 P.2d 957, and *State v. Matt* (1991), 249 Mont. 136, 814 P.2d 52, that it would offer evidence of a prior conviction for misdemeanor forgery.

The State's *Just* notice stated that it would offer the conviction for misdemeanor forgery for the following purposes:

> 1.  Plan. The evidence is offered to show that defendant has, in the past, planned to pass checks stolen from Bozeman area churches with Maqqard. It was defendant's plan to serve as a lookout for Maqqard when he committed the burglary of the First Lutheran Church on May 29, 1993.

3

2. **Knowledge:** The evidence is offered to prove that defendant was aware Maggard was committing a burglary of the First Lutheran Church on May 29, 1993 when defendant was first discovered in **Maggard's** car parked near the church.

Johnston objects to the *Just* notice, for the following reasons:

1. The State asserts in its *Just* notice that the evidence of prior crimes is offered to show a plan that defendant had, in the past, planned to pass stolen checks. It does not establish that he planned to actually commit the burglaries with Maggard, nor that he planned to act as a lookout for Maggard while Maggard committed the burglaries.

2. The State offers the evidence to prove defendant knew that Maggard was burglarizing the First Lutheran Church. However, "[t]he mere knowledge that a crime is about to be committed does not make one an accomplice." *State v. Nordahl* (1984), 208 Mont. 513, 517, 679 **P.2d** 241, 243 (citing *State v. Harvey* (1979), 184 Mont. 423, 431, 603 **P.2d** 661, 666). Furthermore, "[m]ere presence at the scene of the theft, or even failure to interfere with a theft which someone is aware is taking place, is insufficient to hold one accountable as a principal to the crime." *State v. Hart* (1981), 191 Mont. 375, 390, 625 **P.2d** 21, 29 (citing *People v. Durham* (Cal. 1969), 449 **P.2d** 198). Thus, Johnston argues that even if he knew of the crime, which he claims he did not, failure to prevent the crime is insufficient to hold him accountable.

3. Johnston states that the evidence does not meet the modified *Just* requirement that the other crimes or acts must be

4

similar to the crime charged. He previously pled guilty to misdemeanor forgery as a matter of convenience, and that offense is not similar to felony burglary.

4. Johnston asserts that the probative value of the evidence is substantially outweighed by its prejudice. He pled guilty to misdemeanor forgery because he was living in North Dakota at the time and, for convenience, decided not to pursue the matter to trial. The fact that he pled guilty, however, is extremely prejudicial.

The State, on the other hand, argues that the District Court did not abuse its discretion by admitting evidence of Johnston's prior misdemeanor forgery conviction. The State argues that there is a similarity between misdemeanor forgery and felony accountability for burglary. The State claims that this Court has held that a prior act need not be identical to the offense committed, it must only be of sufficient similarity to warrant its admission. *State v. Ramstead* (1990), 243 Mont. 162, 167, 793 P.2d 802, 805; *State v. Randall* (1989), 237 Mont. 271, 274, 772 P.2d 868, 870.

## ISSUE 1

Did the District Court err when it admitted evidence of a prior misdemeanor forgery conviction?

When we review whether a district court properly allowed evidence of a prior conviction, we will uphold the district court unless the district court abused its discretion. *State v. Gollehon*

5

(1993), 262 Mont. 293, 301, 864 P.2d 1257, 1263 (citing *State v. Crist* (1992), 253 Mont. 442, 833 P.2d 1052).

To insure that prior crimes are not used to prove a bad character, this Court has established a four-part test to determine the admissibility of evidence of other crimes or acts in criminal prosecutions. *Matt*, 814 P.2d at 56. The four elements of that test are: (1) the other crimes, wrongs, or acts must be similar: (2) the other crimes, wrongs, or acts must not be remote in time: *(3)* the evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity with such character: but may be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident; (4) although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusing the issues, misleading of the jury, considerations of undue delay, waste of time, or needless presentation of cumulative evidence. *Matt*, 814 P.2d at 56. This rule modified the *Just* rule, which originally set forth the basis for admission of other crimes, wrongs, or acts.

The following procedural protections apply as part of the modified *Just* rule::

1. Evidence of other crimes, wrongs, or acts may not be received unless there has been written notice to the defendant that such evidence is to be introduced. The notice to the defendant

shall specify the other crimes, wrongs, or acts to be admitted, and the specific rule 404(b) purpose or purposes for which it is to be admitted.

2.   At the time of the introduction of such evidence, the trial court shall explain to the jury the purpose of the evidence and shall admonish it to consider the evidence for only such purposes.

3.   In its final charge, the court shall instruct the jury in unequivocal terms that such evidence was received only for the limited purposes earlier stated and that the defendant is not being tried and may not be convicted for any offense except that charged. *Matt*, 814 P.2d at 56.

This case involves the prior crime of misdemeanor forgery. According to § 45-6-325(1), MCA, a person commits the offense of forgery when, with the purpose to defraud, the person knowingly:

> (a) without authority makes or alters any document or other object apparently capable of being used to defraud another in a manner that it purports to have been made by another or at another time or with different provisions or of different composition;
> (b) issues or delivers the document or other object knowing it to have been thus made or altered;
> (c) possesses with the purpose of issuing or delivering any such document or other object knowing it to have been thus made or altered . . . .

On the other hand, § 45-6-204, MCA, provides that a person commits the offense of burglary if he knowingly enters or remains unlawfully in an occupied structure with the purpose to commit an offense therein. The crimes of burglary and forgery are distinct and are quite different in their respective elements. We held in

7

*Matt*, *814* P.2d at 57, that "[t]he linchpin for determining whether a single instance of prior conduct is sufficient . . . is relevancy based on similarity." We held in *State v. Keys* (1993), 258 Mont. 311, 316, 852 P.2d 621, 624, that "[t]he determination of similarity depends on whether the conduct has some relevance to place an issue in dispute." Here, misdemeanor forgery and felony accountability for burglary are not similar, and as such, the prior crime was not relevant. We conclude that the prior misdemeanor forgery is not sufficiently similar to the charge of accountability for burglary to satisfy the first element of the modified *Just* rule and that the District Court erred by admitting the evidence of a prior crime.

## ISSUE 2

Was the evidence sufficient to support defendant's conviction of accountability for burglary?

When we review a conviction challenged on sufficiency of the evidence, we will uphold the district court if, after reviewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *State v. Bower* (1992), 254 Mont. 1, 6, 833 P.2d 1106, 1110 (citing *State v. Riley* (1992), 252 Mont. 469, 830 P.2d 549). In this case, we consider the record without evidence of Johnston's prior forgery conviction, which we have held should have been excluded.

Johnston contends that the evidence was not sufficient to support his conviction of accountability for burglary because a

8

rational trier of fact could not have found the essential elements of the crime beyond a reasonable doubt.

Under § 45-2-302(3), MCA, a person is legally accountable for the conduct of another when

> either before or during the commission of an offense with the purpose to promote or facilitate such commission, he solicits, aids, abets, agrees, or attempts to aid such other person in the planning or commission of the offense.

There is no evidence that Johnston aided Maggard before, during, or after the burglary. The driver's seat of the car was positioned to suggest that Maggard had driven to the scene. Maggard possessed the key, and Johnston was found on the passenger side of the car. Johnston did not abet Maggard during the burglary. He briefly honked the horn and flashed the lights after Maggard was already in custody. The State fails to establish how this, in any way, aided or abetted Maggard in the commission of the crime.

The only thing that linked Johnston to the crime was the fact that he was found near the scene of the crime. The police discovered Johnston across the street from the burglarized church sitting in a parked car. The State argues that the evidence was sufficient to convict Johnston of accountability for burglary and that any rational trier of fact could have found the essential elements of accountability for burglary beyond a reasonable doubt.

We have held that mere presence at the crime scene is not enough to establish criminal responsibility. "[We have] long adhered to the principle that more than mere presence at the scene of a crime is necessary to establish criminal responsibility." *State*

9

*ex rel. Murphy v. McKinnon* (1976), 171 Mont. 120, 125, 556 P.2d 906, 909.

See also *State v. Bradford* (1984), 210 Mont. 130, 683 P.2d 924: *State v. Hart* (1981),191 Mont. 375, 625 P.2d 21. Furthermore, mere knowledge that a crime is about to be committed does not make one an accomplice or accountable for that crime. We held in *Nordahl* that a true accomplice is

> 'one who knowingly, voluntarily and with common intent
> with the principal offender unites in the commission of
> a crime . . . . One may become an accomplice by being
> present and joining in the criminal act, by aiding and
> abetting another in its commission, or not being present,
> by advising and encouraging its commission: but knowledge
> and voluntary actions are essential in order to impute
> guilt.'

*Nordahl,* 679 P.2d at 243 (quoting *State v. Harmon* (1959), 135 Mont. 227, 236, 340 P.2d 128, 132).

We conclude that the evidence was not sufficient to support the conviction of felony accountability for burglary.

The judgment of the District Court is reversed and this case is remanded for further proceedings consistent with this opinion.

_____
us ice

We concur:

_____
Chief Justice

10

John Conway Harrison

_____

_____

William E Hunt Sr
                 Justices

October 27, 1994

## CERTIFICATE OF SERVICE

I hereby certify that the following certified order was sent by United States mail, prepaid, to the following named:


Jennifer Bordy
Attorney at Law
1822 West Lincoln, Suite B
Bozeman, MT 59715

Marty Lambert
Deputy County Attorney
615 So. 16th Avenue, Room 100
Bozeman, MT 59715

Hon. Joseph P. Mazurek, Attorney General
Cregg Coughlin, Assistant
Justice Building
Helena. MT 59620



ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY:_____
Deputy