No. 93-545

IN THE SUPREME COURT OF THE STATE OF MONTANA

1995

STATE OF MONTANA,

Plaintiff and Respondent,

v.

BENNETT JAMES PACE,

Defendant and Appellant.

APPEAL FROM: District Court of the Eighth Judicial District,
In and for the County of Cascade,
The Honorable Thomas M. McKittrick, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Julie A. Macek, Attorney at Law, Great Falls,
Montana

William F. Hooks, Appellate Defender, Helena,
Montana

For Respondent:

Hon. Joseph P. Mazurek, Attorney General;
Patricia Jordan,          Assistant Attorney General,
Helena, Montana

Brant Light, County Attorney, Great Falls, Montana

FILED

AUG 10 1995

Filed:    Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

Clerk

Submitted on Briefs:    May 4, 1995

Decided:    August 10, 199

Justice Fred J. Weber delivered the Opinion of the Court.

This is an appeal from a judgment based upon a jury verdict in the Eighth Judicial District Court, Cascade County, and the court's sentence. We reverse and remand.

Defendant, Bennett James Pace, presented four issues for review, but we have determined one issue is dispositive of this case:

Did the District Court err in admitting evidence of alleged other acts pursuant to Rule 404(b), M.R.Evid.?

## Facts

On October 8, 1991, two Jehovah's Witnesses entered the home of Donald John McLeod and found him dead on the floor, partially nude. The estimated date of death was October 6, 1991.

Mr. McLeod suffered multiple stab wounds to the chest with fatal wounds to the heart. A knife, covered with blood of the same type as the victim's blood, was found on the floor at the crime scene and was determined to be consistent with the weapon that caused the injuries. No latent fingerprints were found on the knife. The lead investigator of the case believed the knife to be from Mr. McLeod's kitchen. However, relatives were unable to identify the knife.

Based on the physical evidence, the police theorized the murder occurred during a burglary. An entry door appeared forced open. The doorknob was pulled off and the molding was broken. The house appeared to have been ransacked, with items strewn around the kitchen, living room, and bedroom. Several witnesses testified the

victim generally kept his house neat and clean. Blood stains on the carpet under papers and clothing scattered on the living room floor indicated that the house had been ransacked after the murder. Relatives of the family were unable to identify any missing possessions of the deceased.

On September 4, 1992, defendant was charged by information with deliberate homicide. Defendant was arrested on September 6, 1992, in Spokane, Washington. On April 2, 1993, the information was amended, charging defendant with Count I, burglary, and Count II, deliberate homicide under the felony murder rule as specified in § 45-5-102(1)(b), MCA, or in the alternative, deliberate homicide, a felony as specified in § 45-5-102(1)(a), MCA.

The State filed a notice advising the defendant of its intention to offer evidence of other crimes, wrongs or acts as required under the Modified Just Rule in State v. Matt (1991), 249 Mont. 136, 814 P.2d 52. While the notice as given by the State referred to a number of different incidents, we are concerned here only with two specific incidents, evidence of which was admitted at the trial.

The first incident involved an arrest in Missoula, Montana, on February 21, 1991, in which defendant was picked up for panhandling and charged with obstructing a peace officer and carrying a concealed weapon. Defendant possessed a six-inch fillet knife and identified himself using an alias. Additionally, defendant had two wallets with him containing identification cards of three different people.

3

In the second incident, the State introduced evidence that on March 7, 1992, in Wenatchee, Washington, the defendant, using a different name, was arrested for armed robbery. On his person were found forty-six dollars taken from the victim and a knife.

In the course of the jury trial, the District Court overruled defendant's objections to the evidence and advised the State it could present evidence of the two above-described incidents. The jury returned a verdict, on April 22, 1993, finding defendant guilty of burglary and deliberate homicide under the felony murder rule. A sentencing hearing was held on July 28, 1993, at which time the District Court pronounced sentence.

Defendant appeals from the judgment.

## Issue

Did the District Court err in admitting evidence of alleged other acts pursuant to Rule 404(b), M.R.Evid.?

In State v. Keys (1993), 258 Mont. 311, 314, 852 P.2d 621, 623, we set forth the standard of review of evidentiary rulings. The standard we use is whether the District Court abused its discretion. "The [D]istrict [C]ourt has broad discretion to determine whether or not evidence is relevant and admissible, and absent a showing of an abuse of this discretion, the court's determination will not be overturned." Keys, 852 P.2d at 623 (citing State v. Crist (1992), 253 Mont. 442, 833 P.2d 1052).

The evidentiary rule at issue is as follows:

**Rule 404. Character evidence not admissible to prove conduct, exceptions; other crimes; character in issue.**
. . .

4

(b) Other crimes, wrongs, acts. Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

. . .

Defendant objected to the State's introduction of evidence involving defendant's actions in Missoula, Montana, and Wenatchee, Washington, where defendant's knife was confiscated in both incidents. Defendant argues, while the District Court determined the other acts were used to show "opportunity, identity, and intent," the only purpose they served was to show bad character. Defendant refers to our decisions in Matt and more recently, State v. Johnston (1994), 267 Mont. 474, 885 P.2d 402, where we discussed admission of other acts when used to infer a defendant's character.

In Johnston, we stated:

> To insure that prior crimes are not used to prove a bad character, this Court has established a four-part test to determine the admissibility of evidence of other crimes or acts in criminal prosecutions. Matt, 814 P.2d at 56. The four elements of that test are: (1) the other crimes, wrongs, or acts must be similar; (2) the other crimes, wrongs, or acts must not be remote in time; (3) the evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity with such character; but may be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident; (4) although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusing the issues, misleading of the jury, considerations of undue delay, waste of time, or needless presentation of cumulative evidence. Matt, 814 P.2d at 56. This rule modified the Just rule, which originally set forth the basis for admission of other crimes, wrongs, or acts.

Johnston, 885 P.2d at 404-05.

5

Defendant asserts the State did not meet the first prong of the test and therefore failed to establish that the other acts were similar. In his analysis, the defendant points out that the State alleged the defendant was guilty of burglary which required that it prove the defendant knowingly entered or remained unlawfully in an occupied structure with the purpose to commit an offense. Section 45-6-204(1), MCA. In a similar manner, in order to prove the defendant guilty of deliberate homicide under the felony murder rule, the State was required to prove the defendant attempted to commit, committed, or was legally accountable for the attempt or commission of burglary and, in the course of such burglary, the defendant or any person legally accountable caused the death of the victim. Section 45-5-102(1)(b), MCA. Last, in order to prove the allegations of deliberate homicide, the State was required to prove the defendant purposely or knowingly caused the death of another human being. Section 45-5-102(1)(a), MCA.

On the issue of similarity, the defendant analogizes the nature of the conduct in the three incidents as follows:

Missoula panhandling incident in February 1991--involved obstructing a police officer and the carrying of a knife as a concealed weapon. The offense occurred on a street.

Charged offense here in Great Falls in October of 1991--nature of the conduct was burglary and deliberate homicide (felony murder rule) which occurred in a residence.

Wenatchee incident in March, 1992--involved a robbery without adequate proof as to where the offense occurred.

With regard to possession or use of a weapon:

Missoula incident--knife was in pocket and also in a bag when searched--knife was not used in the commission of any offense and the knife was seized by the police.

Great Falls incident--knife used as a murder weapon, and knife was found at the scene and seized by the police--it may have belonged to the victim or to the defendant.

Wenatchee incident--testimony fails to establish how or if the knife was used--no specific showing that the knife was used in the commission of any offense, and that knife also was seized by the police.

Number of persons charged and number of victims:

Missoula incident--only defendant arrested and there was no victim.

Great Falls incident--only defendant arrested and there was the one murder victim.

Wenatchee incident--defendant was one of two men arrested and there were two victims.

Continuing that discussion, defendant argues that proof defendant had a knife in Missoula would not prove he had the opportunity to stab the victim in Great Falls because the police took the knife away from him. Likewise, proof that the defendant possessed a knife in March 1992 would not be relevant to show that he killed Mr. McLeod with a knife which was left at the scene of the crime. Defendant argues that the other acts evidence at most gives rise to the inference that because he had a knife at a different time or times, he must have had one at the time of the offense. Defendant asserts this is merely an inference of propensity offered to prove character and prohibited under Rule 404(b), M.R.Evid.

We agree with defendant's analysis and conclusion on this point. The mere fact that defendant had a knife in his possession on two occasions does not demonstrate the likelihood of his killing the deceased with a knife.

7

The State argues that the evidence shows a similar intent to obtain other person's property by use of a knife as a weapon. The State argues that the carrying of knives in the two other incidents makes it more probable that defendant would have carried a knife at the time the homicide occurred. This argument is particularly weak in view of the presence of knives in the dwelling of the decedent so that it was not necessary that the defendant even bring a knife.

The State also contends that it introduced the evidence of the other acts to show defendant's intent to attack people with knives to get property and to use aliases to escape detection, to show the opportunity to commit the crime, and to show the identity of the perpetrator. The State also contends that the admission of the other acts evidence after the cautionary instructions did not constitute unfair prejudice to the defendant. The other acts were of lesser crimes and would, therefore, not increase a jury's desire to punish the defendant. Furthermore, the State contends the cautionary instructions given minimized the danger that the jury would use the evidence to infer the defendant had a propensity for bad character.

We stated, in Keys, "the general rule of Rule 404(b) must be strictly enforced except where a departure is clearly justified, and exceptions to the rule must be carefully limited. [Citations omitted]." Keys, 852 P.2d at 623. Evidence of other acts must satisfy all four elements of the Modified Just Rule before it can be admitted. Keys, 852 P.2d at 623, 625. We need not look to

8

opportunity or intent if the other acts are not similar. See Matt, 814 P.2d at 57.

In Matt, we concluded that an incident where the defendant intended to further assault his female assault victim, although he assaulted an intervening police officer, was not sufficiently similar to an assault intended directly at a police officer. Matt, 814 P.2d at 57. We have also held that crimes of forgery and burglary were not sufficiently similar because they are distinctive and their respective elements are quite different. Johnston, 885 P.2d at 405.

In the present case, the defendant's other acts consisted of using an alias, obstructing a police officer, robbery, and carrying concealed knives. We summarize our conclusion as to the similarity of these acts to the offenses charged as follows. The fact that defendant used an alias and obstructed a police officer is not relevant in proving the act of burglary-homicide. Robbery on a street is not necessarily similar nor comparable to burglary within a dwelling resulting in homicide. Defendant's act of carrying a knife while panhandling is not in any way similar to the use of a knife in the course of a burglary-homicide. Defendant's act of carrying a knife in the Wenatchee incident, where it was unclear as to whether the knife was even used, also lacks similarity to the use of a knife in the course of a burglary-homicide. We, therefore, hold defendant's other acts are dissimilar in their respective elements from the act of burglary, deliberate homicide through felony murder, or plain deliberate homicide.

9

We hold defendant's other acts are not sufficiently similar to the charged offense to satisfy the first element (similarity of acts) of the Modified Just Rule. As in <u>Johnston</u>, we determine there is no need to analyze subsequent elements of the Modified Just Rule because the first element was not met. See <u>Johnston</u>, 885 P.2d at 405.

We conclude the District Court abused its discretion in admitting evidence of the other acts pursuant to Rule 404(b), M.R.Evid.

The judgment is reversed and this case is remanded for a new trial.

_____
Justice

We concur:

_____

_____

_____

_____
Justices

10

August 10, 1995

CERTIFICATE OF SERVICE

I hereby certify that the following certified order was sent by United States mail, prepaid, to the following named:

JULIE A. MACEK
Attorney at Law
21 3rd St. North, Suite 412
Great Falls, MT 59401

WILLIAM F. HOOKS
Appellate Defender's Office
P. O. Box 200145, Capitol Station
Helena, MT 59620

PATRICK PAUL
Cascade County Attorney
Cascade County Courthouse
Great Falls, MT 59401

JOSEPH P. MAZUREK, Attorney General
Patricia Jordan, Assistant
Justice Building
Helena, MT 59620

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY:_____
Deputy