No. 96-036

IN THE SUPREME COURT OF THE STATE OF MONTANA

1996

STATE OF MONTANA,

      Plaintiff and Respondent,

v.

JOSEPH MONACO,

      Defendant and Appellant.

FILED

JUL 08 1996

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:   District Court of the Eighteenth Judicial District,
In and for the County of Gallatin,
The Honorable Thomas Olson, Judge presiding.

COUNSEL OF RECORD:

      For Appellant:

          Suzanne C. Smith, Douglas W. Marshall;
          Marshall & Smith, Bozeman, Montana

      For Respondent:

          Hon. Joseph P. Mazurek, Attorney General,
          John Paulson, Ass't Attorney General,
          Helena, Montana

          A. Michael Salvagni, Gallatin County Attorney,
          Jane Mersen, Deputy County Attorney,
          Bozeman, Montana

Submitted on Briefs:   June 4, 1996

Decided:   July 8, 1996

Filed:

_____
Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

Joseph Monaco (Monaco) appeals from the sentence and judgment of the Eighteenth Judicial District Court, Gallatin County, entered on a jury verdict convicting him of felony theft. We affirm.

Monaco raises the following issues on appeal:

1. Did the District Court abuse its discretion in allowing the prosecuting attorney to testify relating to the defendant's statements at a deposition?

2. Did the District Court err in denying defendant's motion to exclude evidence relating to defendant's prior acts?

Monaco was employed by Hargrove Trucking of Bozeman, Montana, as a log-truck driver. On July 5, 1990, Monaco was hauling logs from a job-site near Augusta, Montana. En route, he received a call on his radio from Bob Piper, a Hargrove employee, requesting that Monaco pick up, and attach, a trailer to his truck in Augusta on his way to the job-site. Monaco asserts that he did not have the proper equipment to pick up the trailer but that he was directed to do so or risk losing his job. Monaco claims that he attempted to hitch up the trailer to his truck and, in so doing, injured his back.

Monaco filed a claim with the State Mutual Compensation Insurance Fund (State Fund). State Fund accepted the claim and, in all, paid Monaco $22,116.36 in benefits. On August 12, 1994, Monaco was charged with felony theft in violation of §§ 45-6-301(5)(b) and 45-6-301(7)(b), MCA. The information alleged that during the period between the alleged accident on July 5, 1990 and December of 1991, Monaco purposely or knowingly obtained or exerted

2

unauthorized control over benefits from the State Fund by means of deception or other fraudulent action. Trial commenced on September 18, 1995 and the jury returned a guilty verdict on September 22, 1995. Additional facts will be set forth as necessary for our resolution of the issues.

1.  Did the District Court abuse its discretion in allowing the prosecuting attorney to testify relating to the defendant's statements at a deposition?

Monaco asserts that the District Court abused its discretion in allowing Assistant Attorney General and Special Deputy County Attorney Elizabeth Horsman-Wiitala, to testify as to statements made by Monaco in his deposition given in related civil proceedings before the Workers' Compensation Court. Horsman-Wiitala was previously counsel for State Fund and was present at Monaco's deposition. By the time of the criminal trial, however, the certified copy of the deposition had been lost and the District Court ruled that Horsman-Wiitala could testify regarding Monaco's deposition testimony that he had no prior industrial injuries. Although the court initially stated that Horsman-Wiitala's testimony would be "foundational" only, the court then instructed the jury that "she's going to testify as to the deposition and the contents thereof." Thus, Monaco's counsel was on notice that the contents of the deposition would be before the jury through Horsman-Wiitala's testimony.

At trial, Monaco's objection to Horsman-Wiitala's testimony was directed to the question of whether Monaco had reviewed and signed his deposition and to the question of "whether or not

3

[Horsman-Wiitala] has an interest in the outcome of this case." In cross-examining Horsman-Wiitala, Monaco's counsel focused primarily on whether Monaco had signed the deposition. Monaco did not present the District Court with the argument that Horsman-Wiitala's testimony should not have been admitted or that she, having become a witness, should not have been allowed to continue prosecuting the case. Monaco raises these arguments for the first time on appeal. In fact, the inquiry into whether Horsman-Wiitala would be disqualified from continuing to prosecute the case after she testified was raised solely by the deputy county attorney assisting Horsman-Wiitala.

This Court has consistently held that the failure to object constitutes a waiver of the objection pursuant to § 46-20-104, MCA, unless the circumstances come within an exception found at § 46-20-701(2), MCA. State v. Riley (1995), 270 Mont. 436, 439, 893 P.2d 310, 313 (citing State v. Arlington (1994), 265 Mont. 127, 158, 875 P.2d 307, 326); State v. Stuit (1994), 268 Mont. 176, 182, 885 P.2d 1290, 1294. Section 46-20-104(2), MCA, provides:

> (2) Upon appeal from a judgment, the court may review the verdict or decision and any alleged error objected to which involves the merits or necessarily affects the judgment. *Failure to make a timely objection during trial constitutes a waiver of the objection except as provided in 46-20-701(2).* [Emphasis added.]

Section 46-20-701(2), MCA, provides:

> (2) Any error, defect, irregularity, or variance which does not affect substantial rights shall be disregarded. No claim alleging an error affecting jurisdictional or constitutional rights may be noticed on appeal, if the alleged error was not objected to as provided in 46-20-104, unless the defendant [convicted person] establishes that the error was prejudicial as to

4

his guilt or punishment and that:

(a) the right asserted in the claim did not exist at the time of the trial and has been determined to be retroactive in its application;

(b) the prosecutor, the judge, or a law enforcement agency suppressed evidence from the defendant [convicted person] or his attorney that prevented the claim from being raised and disposed of; or

(c) material and controlling facts upon which the claim is predicated were not known to the defendant [convicted person] or his attorney and could not have been ascertained by the exercise of reasonable diligence.

In the instant case, the record does not suggest, nor does Monaco argue, that any of the exceptions enumerated in § 46-20-701(2), MCA, apply. Rather, Monaco invites this Court to invoke the "plain error" exception to § 46-20-104, MCA. See, e.g., State v. Finley (Mont. 1996), 915 P.2d 208, 212, 53 St.Rep. 310, 312. We decline Monaco's invitation.

Although we recently held that the doctrine of common law plain error review continues to survive despite the existence of Montana's plain error statute, this appeal does not represent the exceptional case necessary to invoke the plain error doctrine. Finley, 915 P.2d at 215 (citing Arlington, 875 P.2d at 322). In Finley, we discussed the background and application of the common law doctrine of plain error as well as the statutory requirements of § 46-20-701(2), MCA. In Finley, we held that:

this Court may discretionarily review claimed errors that implicate a criminal defendant's fundamental constitutional rights, even if no contemporaneous objection is made and notwithstanding the inapplicability of the § 46-20-701(2), MCA, criteria, where failing to review the claimed error at issue may result in a manifest miscarriage of justice, may leave unsettled the question of the fundamental fairness of the trial or proceedings, or may compromise the integrity of the judicial process.

5

Finley, 915 P.2d at 215.

Here, the District Court's determination that Horsman-Wiitala could testify as to Monaco's deposition statement that he had had no prior industrial injuries does not rise to the level of a manifest miscarriage of justice, will not leave unsettled the question of the fundamental fairness of the trial or proceedings, nor will it compromise the integrity of the judicial process. See Finley, 915 P.2d at 215. Accordingly, we determine that Monaco's failure to make a contemporaneous objection precludes this Court from addressing this argument. Section 46-20-104(2), MCA; Riley, 893 P.2d at 313; Stuit, 885 P.2d at 1294; Arlington, 875 P.2d at 325-26.

In addition, we note that Monaco's false statement in the deposition that he had never filed a prior claim would have been before the jury in any event. Even if Horsman-Wiitala had been precluded from testifying as to the contents of the deposition, her testimony laid the foundation for another witness, the State's investigator, to rely on the contents of the deposition which were part of his investigation file. Monaco raised no substantive objection to Horsman-Wiitala's characterization of his deposition testimony. Horsman-Wiitala's testimony accurately reflected Monaco's statement. Thus, Monaco was not prejudiced by Horsman-Wiitala's testimony and any error by the District Court in allowing her testimony would have been harmless under the facts of this case. See Arlington, 875 P.2d at 325.

2. Did the District Court err in denying defendant's motion to exclude evidence relating to defendant's prior acts?

6

In reviewing evidentiary rulings of the district court, we determine whether the district court abused its discretion. State v. Gollehon (1993), 262 Mont. 293, 301, 864 P.2d 1257, 1263. The determination of whether evidence is relevant and admissible is left to the sound discretion of the trial judge and will not be overturned absent a showing of abuse of discretion. State v. Stringer (1995), 271 Mont. 367, 374, 897 P.2d 1063, 1067; Gollehon, 864 P.2d at 1263.

In filling out his State Fund claim, Monaco stated that he had not made any prior claims. As the State correctly notes, it was required to establish the existence of the prior claims in order to show that Monaco's statement was false and, therefore, that Monaco committed theft by deception. Monaco asserts that the District Court abused its discretion when it denied his motion to exclude evidence relating to allegedly fraudulent workers' compensation claims he filed in Florida and Wyoming. Monaco argues that the court, in allowing evidence that he filed prior claims and excluding all evidence of the details of the claims unless he attempted to explain them away, "left the door open for the remaining Florida and Wyoming evidence to become admissible if [Monaco] attempted to cross examine. . . ." According to Monaco, the court's ruling had the effect of denying him his Sixth Amendment right to cross-examination. Monaco argues that if he were to cross-examine witnesses regarding the filing of the Florida and Wyoming claims, then, through the State's anticipated rebuttal, specific details of those claims would be before the jury.

The State counters that the District Court properly limited the evidence to the filing of the Florida and Wyoming claims either as part of the corpus delicti of the charge of theft by deception or, alternatively, as evidence of other acts under Rule 404(b), M.R.Evid. Further, the State asserts that if Monaco "opened the door" to the substance of the prior claims the State would be allowed to refute that testimony. We agree.

In State v. Hage (1993), 258 Mont. 498, 506, 853 P.2d 1251, 1256, this Court noted that the State is entitled to present the entire corpus delicti of the crime charged, including matters closely related to the offense and explanatory of the crime. Establishing the fact that Monaco had previously filed claims in Florida and Wyoming was essential to show that Monaco lied to State Fund when he stated that he had not filed prior claims. Therefore, the evidence of previous claims having been filed was properly admitted as part of the corpus delicti of the crime of fraud by deception; accordingly, we need not address Monaco's argument that the evidence should have been excluded as "other crimes" evidence under Rule 404(b), M.R.Evid., State v. Matt (1991), 249 Mont. 136, 814 P.2d 52, and State v. Just (1979), 184 Mont. 262, 602 P.2d 957. We hold that the evidence was admissible as part of the corpus delicti and that the District Court did not abuse its discretion in denying Monaco's motion to exclude evidence of the prior claims.

Affirmed.

_____
Justice

8

We concur:

_____
Chief Justice

_____

_____

_____
Justices

9

## CERTIFICATE OF SERVICE

I hereby certify that the following certified order was sent by United States mail, prepaid, to the following named:

Suzanne C. Smith, Esq.; Douglas W. Marshall, Esq.
Marshall & Smith
113 South 19th Avenue
Bozeman MT 59715

Hon. Joseph P. Mazurek, Attorney General
John Paulson, Assistant
215 N. Sanders
Helena MT 59620

A. Michael Salvagni, County Attorney
Jane Mersen, Deputy County Attorney
615 South 16th Street
Bozeman MT 59715

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY: _____
Deputy