JUSTICE NELSON,
concurring.
¶49 I join the Court’s well-reasoned Opinion. I remain highly critica] of the use, at all, of the transaction rule in criminal cases, however.
*507 ¶50 As noted, the transaction rule is codified at § 26-1-103, MCA. See Opinion, ¶ 7; State v. Gaither, 2009 MT 391, ¶ 41, 353 Mont. 344, 220 P.3d 640; State v. McLaughlin, 2009 MT 211, ¶ 14, 351 Mont. 282, 210 P.3d 694; State v. Derbyshire, 2009 MT 27, ¶¶ 31-33, 349 Mont. 114, 201 P.3d 811. This statute is truly an historical artifact-one which, it should be noted, originally applied in civil litigation, not criminal prosecutions. It came straight out of David Dudley Field’s The Code of Civil Procedure of the State ofNew-York, Part IV (published in 1850), where it was denominated § 1683 and stated: “Where also the declaration, act or omission, forms part of a transaction, which is itself the fact in dispute, or evidence of that fact, such declaration, act or omission, is evidence, as part of the transaction.” Given the subsequent adoption of the Montana Rules of Evidence in 1976, this archaic statute arguably should be consigned to the dustbin of history. However, because it is still on the books, this Court must give § 26-1-103, MCA, whatever limited meaning it deserves, keeping in mind the spirit, intent, and specific constraints of M. R. Evid. 404(b) and the Modified Just Rule (see State v. Just, 184 Mont. 262, 269, 274, 602 P.2d 957, 961, 963-64 (1979), modified, State v. Matt, 249 Mont. 136, 142-43, 814 P.2d 52, 56 (1991)).
¶51 The problem is that it is much easier for prosecutors and trial courts to shotgun evidence into a trial under the transaction rule than it is to comply with the exacting substantive and procedural requirements of M. R. Evid. 404(b) and the Modified Just Rule. The latter approach protects the accused’s fundamental due process right to be convicted based solely on the evidence of the crime allegedly committed, while the former approach-the path of least resistance-encourages the jury to convict on the improper basis of supposition regarding the accused’s character and propensity for criminal conduct. See United States v. Foskey, 636 F.2d 517, 523 (D.C. Cir. 1980) (“It is fundamental to American jurisprudence that a defendant must be tried for what he did, not for who he is. That precept is... a concomitant of the presumption of innocence.” (citation, alteration, and internal quotation marks omitted)); Old Chief v. United States, 519 U.S. 172, 180-81, 117 S. Ct. 644, 650-51 (1997) (the prosecution may not use evidence of a defendant’s bad character or disposition to establish a probability of his guilt; the risk of propensity evidence is that the jury will convict for crimes other than those charged or that, uncertain of guilt, the jury will convict anyway because a bad person deserves punishment); Derbyshire, ¶ 22 (one of the dangers in admitting evidence of uncharged misconduct is that the *508 jury will prejudge the defendant and deny him a fair opportunity to defend against the charge or will convict him on the rationale that he has a defect of character that makes him more likely to have committed the charged offense).
¶52 The transaction rule cannot be used as a free pass around the Modified Just Rule or as a generic safety net for otherwise inadmissible evidence. As we have noted before, § 26-1-103, MCA, does not admit character evidence excluded by M. R. Evid. 404(b), see State v. Berosik, 2009 MT 260, ¶ 45, 352 Mont. 16, 214 P.3d 776, and evidence that satisfies § 26-1-103, MCA, is still subject to,exclusion under M. R. Evid. 403, see State v. Detonancour, 2001 MT 213, ¶¶ 29-31, 306 Mont. 389, 34 P.3d 487. Indiscriminate use of the transaction rule will easily swallow these safeguards and the prohibition on using bad character or relying on a propensity inference to convict the defendant. See Berosik, ¶ 46; State v. Crosley, 2009 MT 126, ¶¶ 66-75, 350 Mont. 223, 206 P.3d 932 (Nelson & Cotter, JJ., specially concurring). But unfortunately, “[t]he path of least resistance and least trouble is a mental rut already made. It requires troublesome work to undertake the alteration of old beliefs.”[1] To that end, the Court today provides trial courts and practitioners with important guidance on the admission of transaction-rule evidence.
¶53 With respect to the “inextricably linked” standard that we and other courts use for admitting such evidence, I note here that “inextricable” is defined as “incapable of being disentangled or untied.” Merriam-Webster’s Collegiate Dictionary 597 (10th ed., Merriam-Webster 1997); cf. Callahan v. Chicago, Burlington & Quincy R.R. Co., 47 Mont. 401, 410, 133 P. 687, 689 (1913) (the declaration, act, or omission must be “so connected with the main transaction as to form a part of it”). Thus, it may be useful to view § 26-1-103, MCA, and M. R. Evid. 404(b) as applying to mutually exclusive categories of evidence: the latter, by its terms, concerns “other” crimes, wrongs, or acts, while the former concerns crimes, wrongs, or acts that are “incapable of being disentangled or untied” from a fact in dispute and, thus, are not “other” crimes, wrongs, or acts. See e.g. United States v. Bowie, 232 F.3d 923, 929 (D.C. Cir. 2000) (evidence offered as “direct evidence of the fact in issue,” and evidence of uncharged acts performed contemporaneously with the charged crime to facilitate its commission, are not “other” crimes, wrongs, or acts); Charles Alan *509 Wright & Kenneth W. Graham, Jr., Federal Practice & Procedure: Evidence vol. 22, § 5239,448 (West 1978) (“[I]t can be said that a crime that is so interwoven with the charged crime that it is impossible to prove one without revealing the other is not an ‘other’ crime, wrong, or act within the meaning of the rule.”); Christopher B. Mueller & Laird C. Kirkpatrick, Modern Evidence § 4.20, 342 (Little, Brown and Co. 1995) (“While [Rule 404(b)] is probably inapplicable to acts necessarily included in the charged offense, its standards and safeguards do apply to crimes more loosely connected to the charged offense and offered to provide background and context.”).
¶54 Lastly, given the potential for misuse of transaction-rule evidence, I would require that if evidence is deemed admissible under § 26-1-103, MCA, and is not excluded under M. R. Evid. 403, then an appropriate limiting instruction must be given (if requested) so as to reduce the possibility that the jury might use the evidence as impermissible propensity or character evidence. See e.g. Matt, 249 Mont. at 142-43, 814 P.2d at 56 (the jury must be told the purpose of the evidence and must be admonished to weigh the evidence for that purpose only and not to convict the defendant for uncharged misconduct or based on the forbidden propensity inference). That is essentially what the District Court did in this case.
¶55 With these observations, I concur in the Court’s Opinion.

 John Dewey, Essays and How We Think, in The Later Works 1925-1953 vol. 8 (1933), 136 (Jo Ann Boydston ed., S. Ill. U. Press 2008).